**Barry G. SIKES, Plaintiff,**

v.

**RUBIN LAW OFFICES, P.C., Defendant.**

**Civ. A. No. C84–223A.**

United States District Court, N.D. Georgia, Atlanta Division.

June 26, 1984.

---

Herbert P. Schlanger, Atlanta, Ga., for plaintiff.

Robert P. Hoyt, Rubin Law Offices, Decatur, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

Plaintiff initiated this action to obtain an Order declaring a covenant not to compete unenforceable on the grounds that it is an unreasonable restraint of trade in violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 (1890), it is vague and overbroad, and it is against public policy. Plaintiff also seeks an injunction prohibiting defendant from enforcing the covenant. Defendant has counterclaimed for libel, slander, breach of contract and tortious interference with business relationships.

Presently pending are: (1) plaintiff's motion to dismiss defendant's counterclaim for lack of subject matter jurisdiction; (2) defendant's motion to dismiss, for judgment on the pleadings, or, alternatively, for summary judgment; and (3) defendant's motion for sanctions.

## FACTS

Plaintiff was employed as an attorney by defendant from July 13, 1983, until January 13, 1984. At the center of plaintiff's

claim is the Covenant Not To Compete entered into by plaintiff and defendant. That covenant provided as follows:

### ARTICLE X
### COVENANT NOT TO COMPETE

\* \* \* \* \* \*

[I]n consideration of the mutual covenants, conditions, and agreements contained in this contract, the parties specifically agree as follows:

a. That on termination of Employee's [plaintiff's] employment, whether by termination of this agreement, by wrongful discharge, or otherwise, the Employee shall not directly or indirectly, within a fifteen (15) mile radius using the Federal Courthouse Building located at 56 Forsyth Street, N.W., Atlanta, Georgia as the center point or pivot of the radius, enter into or engage generally in direct competition with Employer [defendant] in the business of the practice of law which uses any form of advertising to solicit or to attract potential clients, either as an individual sole proprietor or as a partner or joint venturer, or as an employee, agent, or consultant for any person, or as an officer, director, or shareholder or otherwise, for a period of one (1) year after the date of termination of employee's employment hereunder.

b. That this COVENANT NOT TO COMPETE on the part of Employee shall be construed as an agreement independent of any other provision of this contract....

(Exhibit A to Complaint, pp. 4–5).

Plaintiff is currently practicing law within 15 miles of 56 Forsyth Street, Atlanta, Georgia, and wishes to advertise the availability of his services as an attorney in apparent violation of the Covenant Not To Compete.

At the time plaintiff initiated the instant suit, a civil action brought by defendant against plaintiff was pending in Fulton County (Georgia) Superior Court. *Rubin Law Offices, P.C. v. Barry G. Sikes,* No. D–6576. In that case defendant was asserting (as a plaintiff) essentially the same claim which it is now asserting in the counterclaim to this action. On February 3, 1984, after receiving notice of this action, defendant voluntarily dismissed (without prejudice) the Fulton County Superior Court action and on February 15, 1984, brought its claim as a counterclaim to plaintiff's suit.[1]

### DISCUSSION

#### A. *Plaintiff's motion to dismiss counterclaim*

The sole question presented by plaintiff's motion to dismiss defendant's counterclaim is whether the counterclaim is compulsory under the Federal Rules of Civil Procedure such that this court has subject matter jurisdiction over it under the doctrine of ancillary jurisdiction. *Moore v. New York Cotton Exchange,* 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926).[2]

Rule 13(a) of the Federal Rules of Civil Procedure defines a compulsory counterclaim as "any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." The same Rule provides that "the pleader need not state the claim if ... at the time the action was commenced the claim was the subject of another pending action...."

 Despite the latter provision of Rule 13(a), the former Fifth Circuit Court of Appeals has held that a counterclaim can still be treated as compulsory and thus within the court's ancillary jurisdiction even though it was the subject of a pending action at the time the action was commenced, such as in this case. *H.L. Peter-*

---

1. Defendant explains that this was done to avoid having to litigate in two courts at once. (Defendant's reply to plaintiff's motion to dismiss, p. 1).

2. Defendant apparently concedes that the doctrine of pendent jurisdiction does not provide the court with jurisdiction over its counterclaim.

*son Co. v. Applewhite,* 383 F.2d 430 (5th Cir.1967). *Accord Brach v. Amoco Oil Co.,* 677 F.2d 1213 (7th Cir.1982). The principal issue, then, is whether defendant's counterclaim "arises out of the transaction or occurrence that is the subject matter of [plaintiff's] claim . . . ."

In this circuit, the test of whether a counterclaim is transactionally related to the opposing party's claim is whether it *"arises* out of the same aggregate of operative facts as the original claim in [the] sense . . . that the same aggregate of perative facts serves as the basis of both claims . . . or . . . that the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant." *Revere Copper & Brass, Inc. v. Aetna Casualty and Surety Co.,* 426 F.2d 709, 715 (5th Cir.1970) (Emphasis in original), *cited in Eagerton v. Valuations, Inc.,* 698 F.2d 1115, 1119 (11th Cir.1983).[3]

■ In deciding whether a counterclaim is compulsory and thus within a court's ancillary jurisdiction, the court is to consider judicial economy and the inconvenience to the counterclaimant in having to bring a claim arising out of essentially the same facts in a separate action. *Revere Copper & Brass, Inc., supra,* 426 F.2d at 715; *Eagerton, supra,* 698 F.2d at 1120. As the former Fifth Circuit Court of Appeals has explained:

> "[Ancillary jurisdiction should be exercised over a counterclaim] where separate trials on each of their respective claims would involve substantial duplication of effort and time by the parties and the courts. When multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and economy require that the counterclaimant be permitted to maintain

his cause of action. Indeed the doctrine of *res judicata* compels the counterclaimant to assert his claim in the same suit for it would be barred if asserted separately, subsequently."

*Diamond v. Terminal Railway Alabama State Docks,* 421 F.2d 228, 236 (5th Cir. 1970); *quoting Great Lakes Rubber Corp. v. Herbert Cooper Co.,* 286 F.2d 631, 634 (3d Cir.1961).

■ After carefully considering the bases for plaintiff's anti-trust claim and defendant's counterclaim for libel, slander, breach of contract and tortious interference with business relationships, the court finds that both arise from the same "aggregate of operative facts." At the center of both claims is the advertising conducted by plaintiff and the employment contract between plaintiff and defendant. While the Covenant Not To Compete, by its terms, was to be independent from the rest of the employment contract, the court finds that it is an intregal part of the employment contract and that the claims essentially arise from the same contract. And, while the determination of the restraint imposed on plaintiff's legal practice is distinct from the determination of whether plaintiff's advertising was defamatory, disclosed defendant's secrets, and/or interfered with defendant's business relationships, the fact remains that both determinations require consideration of plaintiff's advertising efforts; in other words, although the legal issues are different, the underlying facts relevant to the claims overlap.

Thus, the court concludes that it has ancillary jurisdiction over defendant's counterclaim and, accordingly, DENIES plaintiff's motion to dismiss.

B. *Defendant's motion to dismiss, for judgment on the pleadings, or alternatively, for summary judgment*

■ Defendant contends that plaintiff's suit should be dismissed because there is

---

**3.** The Supreme Court originally stated the test as whether the "connection between the case sought to be stated in the [complaint] and that set up in the counterclaim [is so close] that it only needs the failure of the former to establish the foundation for the latter." *Moore v. New York Cotton Exchange,* 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926).

no actual controversy upon which to base an injunction or declaratory judgment. As evidence of this defendant introduces a "Disclaimer of Intent" filed in the Fulton County Superior Court in relation to the action brought there. The disclaimer provided as follows:

> Plaintiff [defendant here], pursuant to the statement made by its attorney in open court on January 19, 1984, before Judge Luther Alverson, in the presence of defendant Barry Sikes [plaintiff here], disclaims any intent to enforce the covenant not to compete contained in Article X of Barry G. Sikes['] Employment Contract.

(Exhibit to Hoyt Affidavit). Defendant also points to the oral disclaimer before Judge Alverson on January 19, 1984, (Transcript Exhibit to Defendant's motion) and to the deposition of plaintiff in which he states that he has not received any notice since the disclaimer to indicate that defendant will attempt to enforce the covenant not to compete. (Sikes' Deposition, pp. 64–65).

Plaintiff opposes defendant's motion on the ground that defendant's disclaimer only shows defendant's intent to not enforce the covenant in the Fulton County Superior Court action, rather than an intent to *never* enforce it.

Considering the literal language of the disclaimer filed in state court and defendant's assertions in its motion to dismiss, the court is inclined to agree with defendant that there is no actual controversy to be resolved in this action. At the same time, the court is puzzled by the obvious absence of an absolute disclaimer by defendant to meet plaintiff's expressed concerns. If defendant does not intend to enforce the covenant not to compete under any circumstances, why hasn't it filed such a disclaimer? The court can only conclude that there remains a chance that defendant will attempt to enforce the covenant and that, therefore, there is an actual controversy before the court.

Accordingly, defendant's motion to dismiss, for judgment on the pleadings, or,

alternatively, for summary judgment is DENIED.

In the event defendant would like to file a renewed motion to dismiss supported by an appropriate disclaimer, it is ordered to do so by July 16, 1984.

## C. *Defendant's Motion for Sanctions*

 Defendant seeks an imposition of sanctions against plaintiff for filing a "spurious and moot" federal claim in order to multiply the proceedings. Defendant relies on 28 U.S.C. § 1927 and Rule 11 of the Federal Rules of Civil Procedure.

The court DENIES defendant's motion for sanctions; there is no evidence to show that plaintiff's federal claim is "spurious," nor is there evidence to show that plaintiff needlessly multiplied the proceedings. As the above section indicates, there is an actual controversy to be resolved; and, because the federal courts have exclusive jurisdiction over antitrust actions, plaintiff could not have brought his claim as a counterclaim in the Fulton County Superior Court action.

## CONCLUSION

In sum, the court:

(1) DENIES plaintiff's motion to dismiss defendant's counterclaim for lack of subject matter jurisdiction;

(2) DENIES defendant's motion to dismiss, for judgment on the pleadings, or, alternatively, for summary judgment and

(3) DENIES defendant's motion for sanctions.