**OLD HICKORY BARGE AND FLEETING, INC.**

v.

**The BARGE M–553, Her Engines, Boilers, etc.**

**Civ. A. No. 85–553–B.**

United States District Court, M.D. Louisiana.

Sept. 26, 1985.

William Gibbens, III, Lea & Gibbens, New Orleans, La., and Floyd J. Falcon, Jr., Baton Rouge, La., for plaintiff.

Mark S. Riley, W. Arthur Abercrombie, Jr., Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for Nector Bagging Services, Inc.

POLOZOLA, District Judge.

This matter is presently before the Court on the motion of the plaintiff, Old Hickory Barge and Fleeting, Inc. ("Old Hickory"), to dismiss a counterclaim filed by Nector Bagging Services, Inc. ("Nector"). In the alternative, Old Hickory seeks an order staying the prosecution of the counterclaim. No oral argument is required on this motion.

Old Hickory has moved to dismiss the counterclaim filed by Nector. Old Hickory contends that Nector's pleading is not a compulsive counterclaim and since there is no independent basis for subject matter jurisdiction over this claim, Nector's counterclaim must be dismissed. Old Hickory asserts that the counterclaim of Nector is permissive. Such an assertion is without merit and is based on an erroneous interpretation of Rule 13(a) of the Federal Rules of Civil Procedure which defines a compulsive counterclaim as

> any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Rule 13(a) further provides that:

> the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not require jurisdiction to render a personal judgment on that claim.

Old Hickory contends that since the Court's jurisdiction over the principal demand is *in rem* only, Nector's counterclaim cannot be considered compulsory. Although the Fifth Circuit Court of Appeals has never considered this specific argument, it has held that a counterclaim can still be treated as compulsory despite the above quoted language of Rule 13(a) where the counterclaim was the subject of a pending state court suit. *H.L. Peterson Company v. Applewhite*, 383 F.2d 430 (5th Cir.1967). In *Peterson*, the Fifth Circuit stated that "[j]urisdiction was not precluded because the counterclaim was the subject of a pending suit in the state court. This provision of Rule 13(a) merely provides *an option* in this case." (Emphasis added.) *H.L. Peterson Company v. Applewhite*, 383 F.2d at 433, n. 3.[1] By analogy with the factual situation in Peterson, this Court now holds that where the principal demand is filed *in rem*, a party has the *option* either to assert a counterclaim in the *in rem* proceeding or to assert it in a separate proceeding. If a party exercises his option to not file a compulsory counterclaim in an *in rem* proceeding, he is not foreclosed by Rule 13(a) from asserting it in a separate proceeding. On the other hand, if a party does wish to assert a compulsory counterclaim in an *in rem* proceeding, Rule 13(a) does not prohibit the filing of the compulsory counterclaim. If the later option is exercised, it is

---

1. See also *Brach v. Amoco Oil Co.*, 677 F.2d 1213 (7th Cir.1982); *Union Paving Company v. Downer Corporation*, 276 F.2d 468 (9th Cir.1960); *Sikes v. Rubin Law Offices*, 102 F.R.D. 259 (N.D. Ga.1984); 3 Moore's *Federal Practice* § 13.14[2] (1985); 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1411, at 59–60 (1971).

not necessary for the compulsory counterclaim to be supported by independent subject matter jurisdiction.

■ Plaintiff also asserts that the counterclaim is permissive because it does not meet the generally recognized criteria of a compulsory counterclaim. The principal issue which must be resolved in determining whether a counterclaim is compulsory is whether such counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim ..." Federal Rule of Civil Procedure 13(a). The Fifth Circuit has adopted the "logical relationship" test to determine if the claim is sufficiently related to the principal claim so as to be compulsory. *Montgomery Elevator Company v. Building Engineering Services Co., Inc.*, 730 F.2d 377 (5th Cir.1984). See also *United States v. Aronson*, 617 F.2d 119 (5th Cir.1980). A logical relationship exists if "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendants." *Plant v. Blazer Financial Services, Inc.*, 598 F.2d 1357, 1361 (5th Cir.1979), *rehearing denied*, 605 F.2d 555 (5th Cir.1979). See also *Revere Cooper & Brass, Inc., v. Aetna Casualty and Surety. Co.*, 426 F.2d 709, 715 (5th Cir.1970). The Court finds that the counterclaim asserted by Nector utilizes as its basis the same operative facts which are used to support the principal claim. In order to be successful on the principal claim, the plaintiff must prove that certain services were allegedly performed in accordance with the terms of a contractual agreement. Nector, in defense to the principal claim, and additionally, to support its counterclaim, alleges that Old Hickory did not perform such services in accordance with the terms of the contract and, therefore, Old Hickory has breached the contract. The alleged breach of the contract would serve both as a defense to the principal demand and as basis of recovery in the counterclaim. There-

fore, the Court finds that there is a logical relationship between the principal demand and the counterclaim so that such counterclaim may be viewed as a compulsory one within the purview of Rule 13(a).

■ As an alternative ground for relief, Old Hickory seeks to have this Court stay any further proceedings on the counterclaim because of the pendency of a state suit on the same issues. In *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed. 483 (1976), *rehearing denied*, 426 U.S. 912, 96 S.Ct. 2239, 48 L.Ed.2d 839 (1976), the United States Supreme Court stated that "[g]enerally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction ...'" (Citation omitted.) The federal and state court action should both proceed until one of them results in a judgment that could be asserted as res judicata in the other. *McClellan v. Carland*, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762 (1910). Since a district court should exercise with extreme caution its discretionary power in determining whether to stay a federal action over which it has jurisdiction,[2] this Court must reject plaintiff's request to stay the prosecution of the counterclaim in the present case.

Therefore:

IT IS ORDERED that the motion of the plaintiff, Old Hickory Barge and Fleeting, Inc., to dismiss the counterclaim filed by Nector Bagging Services, Inc. or in the alternative, to stay the prosecution of such counterclaim in this court, be, and it is hereby DENIED.

---

**2.** *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74

L.Ed.2d 765 (1983).