**Mollie Ann DUNN, Plaintiff,**

v.

**STATE FARM FIRE & CASUALTY COMPANY and Terry H. Blalock, Defendants.**

**No. WC87–39–NB–D.**

United States District Court, N.D. Mississippi, W.D.

Sept. 28, 1987.

See also 122 F.R.D. 507, 711 F.Supp. 1362.

Grady F. Tollison, Jr., Oxford, Miss., for plaintiff.

Guy T. Gillespie, Robert H. Faulks, Oxford, Miss., for defendants.

## MEMORANDUM OPINION

BIGGERS, District Judge.

This cause comes before the court on defendant Terry H. Blalock's motion to dismiss the complaint and on the plaintiff's motion to remand and for assessment of sanctions. The court can hear this cause only if Terry Blalock, a non-diverse defendant, is dismissed from the suit. Having duly considered the parties memoranda and exhibits, the court is in a position to rule on the motion.

### I. Facts

In this suit Mollie Ann Dunn seeks to recover insurance proceeds for the fire loss to a house in New Albany, Mississippi. Mollie owned the house with her husband, Melvin Dunn, as tenants by the entirety, subject to a deed of trust held by the People's Bank and Trust. The Dunns insured the house for $37,400.00 and insured its contents for $18,700.00 with State Farm Fire and Casualty Company [State Farm].

In December, 1986, the Dunns separated and Mrs. Dunn and her children moved to Houston, Mississippi. On the first weekend in February, 1986, Mrs. Dunn returned to the New Albany house and removed her belongings from it. The following Monday the house burned. State Farm paid the amount owed on the deed of trust to People's Bank and Trust Company.

Terry H. Blalock adjusted the claim for State Farm and investigated the fire. He recommended that State Farm deny the claim because he believed that the Dunns intentionally burned their house. On September 5, 1986, Melvin Dunn was convicted for first degree arson in Union County for burning the Dunns' house.

On January 29, 1987, Mollie Ann Dunn filed this suit in the Circuit Court of Yalobusha County, Mississippi against State Farm and Terry H. Blalock alleging in part that Blalock breached a fiduciary duty and a duty of good faith which he owed to Mollie Ann Dunn and that he failed to properly investigate the claim. Mollie Ann Dunn claims that Blalock's acts form the basis of a claim of bad faith against Terry H. Blalock.

State Farm removed the case from the circuit court, argued that Blalock was fraudulently joined, and asked this court to dismiss the claims against Blalock pursuant to Rule 12(b)(6), Fed.R.Civ.P. Mollie Ann Dunn in turn moved to remand the case back to state court and demanded sanctions against defense counsel for removing the suit from state court.

### II.

■ Remand of this case is required if the insured alleges an independent claim

against the adjuster which is actionable under Mississippi law. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). *Williams v. Lafayette Ins. Co.*, 640 F.Supp. 686, 640 (N.D.Miss.1986); *Columbus v. Reliance Ins. Co.*, 626 F.Supp. 1147 (S.D.Miss.1986); *Hill v. Gieffrida*, 608 F.Supp. 648 (S.D.Miss.1985). State Farm must show there is no possibility that Mollie Ann Dunn could establish a cause of action against the in-state defendant under Mississippi law. *B., Inc. v. Miller Brewing Co.*, 663 F.2d at 549. In considering the defendant's motion, the court must resolve all disputed facts and unsettled questions of law in favor of the plaintiff. *Id.* at 549.

The relationship between an adjuster and the insured is a purely contractual one. The adjuster does not owe the insured a fiduciary duty nor a duty to act in good faith, as the plaintiff claims. *Griffin v. Ware*, 457 So.2d 936, 940 (Miss.1984); *Progressive Casualty Insurance Co. v. Keys*, 317 So.2d 396, 398 (Miss.1975); *Equitable Life Assurance Society v. Weil*, 103 Miss. 186, 60 So. 133 (1912).

An adjuster has a duty to investigate all relevant information and must make a realistic evaluation of a claim. *Banker's Life & Casualty Co. v. Crenshaw*, 483 So.2d 254, 272, 276 (Miss.1985). However, an adjuster is not liable for simple negligence in adjusting a claim. *Leathers v. Aetna Casualty & Surety Co.*, 500 So.2d 451 (Miss.1986); *Consolidated American Life Ins. Co. v. Toche*, 410 So.2d 1303, 1305 (Miss.1982). He can only incur independent liability when his conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured. *Davidson v. State Farm Fire & Casualty Co.*, 641 F.Supp. 503, 510 (N.D.Miss.1986); *Leathers v. Aetna Casualty & Surety Co.*, 500 So.2d at 453; *Progressive Casualty Ins. Co. v. Keys*, 317 So.2d 396, 398 (Miss.1975). In order to maintain her claim against Terry H. Blalock, Mrs. Dunn must allege acts which give rise to bad faith.

Mrs. Dunn admits her husband committed arson, but correctly points out that she is not chargeable with his criminal acts. *Marr v. Nichols*, 208 So.2d 770, 773 (Miss.

1968). Plaintiff argues that she owned the house jointly with her husband. Accordingly, she owned an undivided one-half interest in the property. Mrs. Dunn asserts Blalock should have investigated her claim separately from her husband's claim. Because he failed to treat her claim separately, plaintiff claims she suffered a "total loss of her undivided interest in the insured property." Mollie Ann Dunn concludes, "due to Blalock's own negligence," State Farm denied the claim without an arguable reason.

The plaintiff's argument is not supported by legal authority and follows a faulty line of reason. Blalock was not an attorney. Blalock cannot be deemed grossly negligent for failing to examine the Dunns' deed and arriving at a legal conclusion that Mrs. Dunn had an interest in the property. Mississippi courts excuse even incredible incompetency unless it is accompanied by a deliberate design to frustrate the plaintiff's rights. *Fedders Corp. v. Boatright*, 493 So.2d 301, 312 (Miss.1986). Moreover, Mrs. Dunn accuses Blalock only of simple negligence in handling her claim. On the face of her pleadings, Mrs. Dunn does not allege a bad faith claim against Blalock. *Blue Cross & Blue Shield of Miss., Inc. v. Campbell*, 466 So.2d 833 (Miss.1984). *Consolidated American Life Ins. Co. v. Toche*, 410 So.2d 1303 (Miss.1982).

Additionally, Blalock denied the claim because the house was burned by Mr. Dunn's arson which is a legitimate basis for denying a claim. *State Farm Fire & Casualty Co. v. Simpson*, 477 So.2d 242, 252 (Miss. 1985).

Since there is no possibility the plaintiff could establish an independent claim against Blalock, the suit against him should be dismissed pursuant to Rule 12(b)(6), Fed.R.Civ.P. Because diversity exists between the remaining parties, this court has jurisdiction to hear their dispute. Accordingly, plaintiff's motion to remand and her demand for sanctions will be denied.

## ORDER

In accordance with the memorandum opinion this day issued, it is ORDERED:

That defendant Terry H. Blalock's motion to dismiss him from this action be and is hereby GRANTED;

That plaintiff's motion to remand the suit to state court be and is hereby DENIED; and

That plaintiff's motion for sanctions be and is hereby DENIED.