581 So.2d 1087 (1991)
Donna L. BASS
v.
CALIFORNIA LIFE INSURANCE COMPANY and Variable Protection Administrators, Inc.
No. 07-CA-59403.
Supreme Court of Mississippi.
May 29, 1991.
James Patrick Caldwell, Riley Ford Caldwell & Cork, Tupelo, for appellant.
Thomas A. Wicker, Holland Ray & Upchurch, Tupelo, for appellees.
*1088 Before HAWKINS, P.J., and SULLIVAN and PITTMAN, JJ.
PITTMAN, Justice, for the Court:
Donna Bass instituted this action in the Circuit Court of Lee County for the wrongful and "bad faith" denial of health insurance benefits. At the trial of this matter, the circuit court granted Variable Protection Administrators, Inc.'s, ("VPA's"), motion for a directed verdict ruling that VPA had no duty of good faith and fair dealing to the insured, Donna Bass. Finding that the judgment of the trial court was erroneous, we reverse and remand for further proceedings.

I.
Donna Bass was an employee of the city of Tupelo when she enrolled in the city's group health insurance plan in May of 1984. Several months later, in September of 1984, Ms. Bass began having trouble with her feet in that she could no longer find shoes that were comfortable. This problem concerned Ms. Bass and lead her to consult with Dr. Mitch Massey at the Tupelo Orthopedic Clinic. Dr. Massey, after examining Donna Bass, noted problems with Ms. Bass' ankles and feet and referred her to podiatrist Dr. Ricky Bullard. Dr. Bullard recommended that Ms. Bass purchase and wear special orthopedic shoes due to the problem she was having with her feet. Donna Bass, not wanting to wear "clodhopper" shoes for the rest of her life, decided to get another opinion.
In February of 1985, California Life Insurance Company replaced Dependable Life Insurance Company as the group insurance carrier for the city of Tupelo. The policy enacted by California Life provided continuous coverage for city employees without changing their effective dates of insurance. California Life, like Dependable Life before, used an administrative organization to handle the "management" of the city's insurance. This administrative company was Variable Protection Administrators, Inc. of Cleveland, Ohio.
In March of 1985, Donna Bass went to see Dr. Clyde Phillips to get a second opinion regarding her foot condition. Dr. Phillips consulted with Ms. Bass and informed her that surgery could be performed to correct the problems noted with her feet. Donna Bass had this surgery on March 28, 1985, and was required to spend two (2) days in the hospital.
After each of the above trips to the doctor, Donna Bass filed an insurance claim via Variable Protection Administrators. The first claim, arising from her visit to see Dr. Massey, was allowed by Dependable Life/VPA towards Ms. Bass' policy deductible. The other claims, however, were denied by computer-generated correspondence from Variable Protection Administrators. These denials, according to the computer form, were for "pre-existing condition" under the terms of the insurance policy with California Life.
Donna Bass, being concerned about the denials, wrote to VPA and informed Anthony Manley that she had never seen a physician concerning her foot problems before September of 1984. Bass asserted, therefore, that her condition could not have been pre-existing under the insurance policy. Ms. Bass also informed Mr. Manley that her first claim, Dr. Massey's, had already been paid by the insurance company and that they could not assume liability for one claim and deny liability for others regarding the same medical condition.
Anthony Manley, in answer to Donna Bass' correspondence, attempted to justify the denial of benefits by VPA/California Life. First, Anthony Manley erroneously informed Ms. Bass that her effective date of insurance was February 1, 1985, rather than May 1, 1984. He further informed Donna Bass that his understanding of the medical evidence was that she had been examined by Dr. Massey for a different medical problem than the one corrected by surgery in March of 1985. Next, Mr. Manley informed Ms. Bass that her physicians, Dr. Bullard and Dr. Phillips, had referred to her condition as "progressive" and existing prior to the effective date of insurance. As a result, Ms. Bass' claim was denied, allegedly on the direction of California Life, based upon "pre-existing condition".
*1089 Donna Bass, who worked as a secretary at the law firm of Riley, Weir & Caldwell in Tupelo, informed her employer of the denial of her claim. Mr. James Caldwell corresponded with Anthony Manley concerning this matter and appealed the decision denying the claim. Mr. Manley, after sending Mr. Caldwell's letter to California Life, was directed to immediately pay the claims submitted by Donna Bass. This payment was made in October of 1985.
Donna Bass filed suit in June of 1986 against California Life and Variable Protection Administrators for the bad faith denial of her insurance claim. The complaint sought $12,500.00 for actual damages and $500,000.00 for punitive damages for the alleged tort. In April of 1986, however, California Life was placed into bankruptcy in California. As a result, the action by Donna Bass was enjoined and VPA was the only remaining party.
After discovery and motions by both parties, this case came before a jury in the Circuit Court of Lee County. The plaintiff, Donna Bass, presented her case in chief attempting to show that VPA was in fact the party who committed the wrongful acts. This was accomplished primarily through the testimony of Mr. Anthony Manley, vice-president of claims. Manley testified that Variable Protection Administrators was responsible for drafting the policy of insurance underwritten by California Life Insurance Company. He stated that VPA received applications, reviewed claims for coverage, received premiums, and had the authority to pay claims up to $10,000.00 without prior approval from the carrier. Manley admitted that in the master insurance policy, Variable Protection Administrators was named as a "third party to this plan who is contracted to act as the benefit coordinator and marketing arm of this group plan." Manley asserted that California Life was the one who made the final decision to deny the claims submitted by Donna Bass. He admitted, however, that no evidence at trial substantiated this contention.
At the conclusion of Donna Bass' case in chief, the trial court granted a directed verdict in favor of Variable Protection Administrators. The lower court ruled that VPA had no duty under Mississippi law to act in good faith in this matter. Aggrieved by that ruling, Donna Bass perfected this appeal.

II.
Donna Bass argues on appeal that Variable Protection Administrators, Inc., as the administrator of the group health insurance policy offered by California Life, should be held liable for the wrongful and "bad faith" denial of her claim. She maintains that VPA's handling of this matter evince that they acted in either a grossly negligent and wanton manner or that they were in fact a party to the contract in question. Variable Protection Administrators, on the other hand, contend that since they were not a party to the insurance contract in question, they may not be held liable for "bad faith" under the case of Griffin v. Ware, 457 So.2d 936 (Miss. 1984).
In Griffin v. Ware, the Griffins claimed damages from Ware, an independent adjuster, because of his investigation of a claim they filed under the National Flood Insurance Program. In 1982, the Griffins noticed that the foundation of their home had been settling, causing misalignment of the floors, doors and sills of the structure. The Griffins alleged that the foundation had been damaged by an underground flow of water caused by a fifteen (15) inch rain storm in April 1979. During this flood, water had come within two (2) inches of entering the home. The Flood Insurance Program hired Ware to investigate the Griffin's claim. Ware reported that the settling of the home was caused by Yazoo Clay, an unstable local soil formation, rather than by the April 1979 flood and recommended denial of the claim. The Griffins had their claim reconsidered, however, on the report of another adjuster. After settling with the Flood Insurance Program, the Griffins sued Ware for the deliberate falsification of his report. In ruling that this action could not be maintained, this Court stated:

*1090 We therefore hold that adjusters employed by an insurer, who were not parties to the agreement for insurance, are not subject to an implied duty of good faith and fair dealing to the insured. In the case before us, appellees were employed by the insured for the sole purpose of investigating appellant's claim for flood damages. Appellees were not parties to the insurance contract between appellant and their insurer, hence were not subject to an implied duty of good faith and fair dealing with appellants. Appellees' duty was to their principal, not to appellant.
Griffin, 457 So.2d at 940.
VPA asserts that the decision in Griffin supports the ruling of the lower court. Indeed, the trial judge specifically stated that in his opinion, "the law of Griffin is controlling in this case." However, this Court believes that our ruling in Griffin v. Ware is now insufficient for the day. Jurisprudence should not be in the position of approving a deliberate wrong. In that regard, we feel that Griffin is yesterday's case. A better approach is the standard placed upon an adjuster/agent in the case of Dunn v. State Farm Fire & Casualty Co., 711 F. Supp. 1359 (N.D.Miss. 1987). In Dunn, an adjuster filed a motion to dismiss claiming that Mississippi law provided no cause of action for breach of a fiduciary duty or a duty of good faith. In ruling that no cause of action existed under the facts of that case, the district court explained that an adjuster could be deemed liable to an insured for gross and reckless negligence. That court stated:
The relationship between an adjuster and the insured is a purely contractual one. The adjuster does not owe the insured a fiduciary duty nor a duty to act in good faith, as the plaintiff claims. Griffin v. Ware, 457 So.2d 936, 940 (Miss. 1984); Progressive Casualty Insurance Co. v. Keys, 317 So.2d 396, 398 (Miss. 1975); Equitable Life Assurance Society v. Weil, 103 Miss. 186, 60 So. 133 (1912).
An adjuster has a duty to investigate all relevant information and must make a realistic evaluation of a claim. Banker's Life & Casualty Co. v. Crenshaw, 483 So.2d 254, 272, 276 (Miss. 1985). However, an adjuster is not liable for simple negligence in adjusting a claim. Leathers v. Aetna Casualty & Surety Co., 500 So.2d 451 (Miss. 1986); Consolidated American Life Ins. Co. v. Toche, 410 So.2d 1303, 1305 (Miss. 1982). He can only incur independent liability when his conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured. Davidson v. State Farm Fire and Casualty Co., 641 F. Supp. 503, 510 (N.D.Miss. 1986); Leathers v. Aetna Casualty & Surety Co., 500 So.2d at 453; Progressive Casualty Ins. Co. v. Keys, 317 So.2d 396, 398 (Miss. 1975).
Dunn, 711 F. Supp. at 1361.
After consideration of the above jurisprudence, we find that Dunn v. State Farm Fire & Casualty Co., provides the better standard for an adjuster/administrative agent such as VPA. This Court is hesitant to hold adjusters, agents or other similar entities to a standard of ordinary negligence. We will, however, hold them to a standard of care consistent with Dunn, supra.
Additionally, we believe that the punitive damages evidence presented in the lower court was inconclusive and remand the case for further proceedings. We note that the trial judge made no determination regarding these punitive damages and that the issue was not before this Court. Therefore, the judgment of the lower court is reversed and remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, BANKS and McRAE, JJ., concur.