**Kermit NEWSOME and Calmetta Newsome, Plaintiffs,**

v.

**SHELTER GENERAL INSURANCE COMPANY, Allen D. Sumrall, Patricia A. Sumrall and Sumrall Insurance Agency, Defendants.**

**Civ. A. No. J91–0061(L).**

United States District Court, S.D. Mississippi, Jackson Division.

Aug. 1, 1991.

John L. Walker, Tommie Green, Jackson, Miss., for plaintiffs.

James L. Quinn, Aultman, Tyner, McNeese, Ruffin, Hattiesburg, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the application of plaintiffs Kermit Newsome and Calmetta Newsome for review of an April 10, 1991 order of the United States Magistrate Judge denying plaintiffs' motion to remand and on the motion of defendants Allen D. Sumrall, Patricia Sumrall and Sumrall Insurance Agency (the Sumralls) to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Having considered the memoranda of authorities submitted by the parties, the court is of the opinion that plaintiffs' application for review should be granted, and this cause remanded to the Circuit Court of the First Judicial District of Hinds County, Mississippi.

Plaintiffs, Mississippi residents, initiated this action in the Hinds County Circuit Court against Shelter General Insurance Company (Shelter), a nonresident of Mississippi, as well as the Sumralls, Mississippi residents, following Shelter's denial of their claim for benefits under a policy of homeowners' insurance issued to them by Shelter. The Sumralls had acted as Shelter's local agent in taking plaintiffs' application for the policy. Defendants, alleging fraudulent joinder of the resident defendants, removed the case to this court on the basis of diversity of citizenship, 28 U.S.C. § 1332. Plaintiffs' motion to remand was denied by the Magistrate Judge based, apparently, on his conclusion that no cause of action was stated against the Sumralls. Plaintiffs seek review of that determination by the Magistrate Judge and the resident defendants seek to be dismissed from this lawsuit on the basis that no claim has been stated against them.

The court's function when confronted with an issue of fraudulent joinder is to ascertain whether there exists any possibility that the allegations against the

resident defendants could give rise to liability under the applicable substantive law, for, as the Fifth Circuit has repeatedly emphasized, removal jurisdiction exists only if "there is *no possibility* that the plaintiff[s] would be able to establish a cause of action against the in-state defendant[s] in state court." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981) (emphasis in original); *Keating v. Shell Chemical Co.*, 610 F.2d 328, 331 (5th Cir.1980). To accomplish its task, the court is to analyze plaintiffs' state court pleadings in light of the state law which controls on the substantive issues, that here being Mississippi law, to determine whether under any set of facts alleged, a claim against the defendants could be asserted under state law. *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 116 (5th Cir.1979). The court is not to pretry substantive factual issues in making this preliminary determination as to the existence of subject matter jurisdiction, but must instead resolve "all contested issues of substantive fact in favor of the plaintiff[s]." *B., Inc.*, 663 F.2d at 551. Further, the court is to resolve any uncertainties or ambiguities as to the current state of controlling substantive law in the light most favorable to plaintiff. *Id.; see also Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir.), *cert. denied*, — U.S. ——, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). The court's starting point, therefore, is plaintiffs' complaint.

▪ Plaintiffs allege in their complaint that on July 15, 1983, Shelter issued to them a policy of insurance providing homeowners' coverage. On January 12, 1985, while the policy was in full force and effect, the insured premises was totally destroyed by fire. Plaintiffs timely filed a claim for benefits, which Shelter denied, claiming that the policy was void because plaintiffs had failed to disclose, in connection with an earlier application for another Shelter insurance policy, the fact that they had sustained a previous fire loss and had filed for bankruptcy. Plaintiffs assert that the denial of benefits was wrongful, for Kermit Newsome, in connection with his application with the Sumralls for insurance, had advised Allen Sumrall about his previous fire loss. Further, according to plaintiffs, Allen Sumrall never asked Kermit Newsome whether he had previously filed bankruptcy. Plaintiffs claim, therefore, that each of the defendants had actual and/or constructive knowledge of the prior fire loss and of the fact of the Newsomes' bankruptcy.

Counts I and II of plaintiffs' complaint charge a bad faith breach of the insurance contract by Shelter, entitling plaintiffs to recover from Shelter policy benefits as well as punitive damages. The plaintiffs' claims against the Sumralls, though variously characterized, are that (1) they misrepresented facts to Shelter, i.e., failed to reveal to Shelter information provided to them by plaintiffs concerning the prior fire loss and prior bankruptcy, and thereby committed a tort against plaintiffs, and that (2) they misrepresented to plaintiffs that they could, and had, procured from Shelter a policy which provided the requested coverage despite plaintiffs' previous fire loss and bankruptcy.[1] Plaintiffs' central complaint in this case is that Shelter has refused to pay their claim under the insurance contract based on a claimed misrepresentation by plaintiffs when plaintiffs did, according to the allegations of the complaint, accurately disclose all information requested by Shelter's agent, the Sumralls.

If the facts are as alleged by plaintiffs, as the court must assume for present purposes, then Shelter may not avoid liability

---

**1.** Regarding the alleged liability of the Sumralls, plaintiffs aver specifically in count III that the Sumralls (1) impliedly and expressly warranted that they were licensed by the state to write homeowners' insurance coverage when, in fact, they were not so licensed; (2) impliedly and expressly warranted that they had authority to secure homeowners' coverage for plaintiffs despite their knowledge of plaintiffs' previous fire loss and despite their failure to ask about any previous bankruptcy, thus breaching their "warranty of authority;" (3) failed to procure the homeowners' coverage which they promised plaintiffs they would secure and thereby breached their individual contractual obligation to plaintiffs to procure the promised coverage; and (4) negligently or intentionally misrepresented that they would secure homeowners' coverage for plaintiffs with Shelter which would pay plaintiffs in the event of a loss.

on the policy. On this point, Mississippi law could not be more clear: Knowledge of facts acquired by an agent, whether a soliciting agent or general agent, in the course of preparing the application for insurance, whether or not such facts are actually communicated to the insurer, is imputed to the insurer, which cannot thereafter avoid liability on the policy on the basis that it was not aware of such facts. *National Life and Accident Ins. Co. v. Miller,* 484 So.2d 329, 334 (Miss.1985) (if agent takes charge of preparing application or suggests or advises what shall be answered, or what shall be sufficient answer, company shall not avoid policy because answers are false or untrue, if full disclosures were made by applicant to agent); *Kirkland v. Prudence Mut. Cas. Co.,* 186 So.2d 485 (Miss.1966). Therefore, if in fact the plaintiffs fully and accurately disclosed all requested information to the Sumralls, as Shelter's agent, then Mississippi law would not permit Shelter to avoid liability under the subject policy. Moreover, under Mississippi law, an insurer may incur liability for the frauds and misrepresentations of its agents made within the scope of their agency for the insurer. *Independent Life & Accident Ins. Co. v. Peavy,* 528 So.2d 1112, 1115 (Miss.1988).[2] The question for the court, though, is whether the Sumralls may also incur liability for their alleged misrepresentations to Shelter which led to the denial of plaintiffs' claim for policy benefits, and their alleged misrepresentations to plaintiffs that fire loss coverage could and would be provided despite a prior fire loss and bankruptcy. Under controlling Mississippi law, it cannot be said that plaintiffs have no possibility of recovery based on these allegations.

The Mississippi Supreme Court held in *Griffin v. Ware,* 457 So.2d 936 (Miss.1984), that an adjuster for an insurer, who was not a party to the insurance contract, had no duty, contractual or quasi-contractual, to the insureds. In *Griffin,* the plaintiffs sought damages against a local adjuster based on his having allegedly made false reports to his principal, the insurance carrier, in connection with his adjustment of plaintiffs' loss, which resulted in the carrier's denial of plaintiffs' claim for policy benefits. The court found that plaintiffs had charged only a breach of a duty of good faith and fair dealing; since the adjuster was not a party to the insurance contract, he could not have breached any such duty and thus could not be held liable. Later, in *Leathers v. Aetna Casualty & Surety Co.,* 500 So.2d 451 (Miss.1987), a bad faith action brought against a worker's compensation carrier and a local employee of the carrier, the court, though not deciding whether the employee could incur liability, cited *Griffin,* but went on to observe that "our general rule in tort is that the agent or servant [for a disclosed principal], the one whose conduct has rendered his principal liable, has individual liability to the plaintiff." 500 So.2d at 453. This court, in an opinion by Judge William H. Barbour, attempted to explain and clarify the distinction between *Griffin* and *Leathers,* stating:

> In *Leathers* the Mississippi Supreme Court declines to decide whether Leathers states a claim against [the employee]; it does not overrule *Griffin v. Ware.* An individual generally may be held liable for a tort he commits as an agent of the corporation. *Griffin v. Ware* establishes only that the "tort" of breach of "an implied duty of good faith and fair dealing," being a hybrid of contract, is not a tort in the general sense.

*Schoonover v. West American Ins. Co.,* 665 F.Supp. 511, 516 (S.D.Miss.1987) (quoted in *Bobby Kitchens, Inc. v. Miss. Ins. Guar. Ass'n,* 560 So.2d 129 (Miss.1989)); *cf. Wheeler v. Frito–Lay, Inc.,* 743 F.Supp. 483 (S.D.Miss.1990) (in context of contractual duties, "disclosed principal" rule does not apply and agent does not incur personal liability to third parties for acts within scope of his employment). The rule was thus established that an agent was not liable for acts committed within the scope

---

2. The court notes that Shelter admits that the Sumralls were its agents and does not suggest that they were acting outside the scope of their authority. In its answer, however, Shelter does deny responsibility for their actions.

of his authority for a disclosed principal but could incur liability for his own independent torts. This was the state of the law at the time of the decision by the Magistrate Judge in this cause.

Since that decision, however, the Mississippi Supreme Court has abandoned *Griffin*, stating:

> [T]his court believes that our ruling in *Griffin v. Ware* is now insufficient for the day. Jurisprudence should not be in the position of approving a deliberate wrong. In that regard, we feel that *Griffin* is yesterday's case.

*Bass v. California Life Ins. Co.*, 581 So.2d 1087, 1090 (Miss.1991). The court in *Bass* went on to hold that while "adjusters, agents or other similar entities," should not be held liable for ordinary negligence in performing their duties, they can "incur independent liability when [their] conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured." *Id.* (quoting *Dunn v. State Farm Fire & Casualty Co.*, 711 F.Supp. 1359 (N.D.Miss.1987).

In the court's view, the law of Mississippi as it existed prior to *Bass* did not foreclose the possibility that plaintiffs allegations state a claim against the Sumralls in view of the Mississippi Supreme Court's apparent recognition that the only "tort" subject to the *Griffin* proscription against agent liability was that of breach of an implied duty of good faith and fair dealing and the fact that plaintiffs allege other tortious acts by the Sumralls in the case at bar. Certainly now, in light of the *Bass* decision, it is impossible for the court to conclude that plaintiffs have "no possibility" of recovery against the Sumralls under state law. *See Independent Life & Accident Ins. Co. v. Peavy*, 528 So.2d 1112, 1115 (Miss.1988) (agents' misrepresentations which "lulled [insured] into believing his benefits would remain available … constituted either an intentional wrong or such gross negligence as to evidence reckless disregard for [insured's] rights"). The court is thus compelled to remand this action to state court.[3]

3. The court therefore does not reach the Sum-

Accordingly, it is ordered that the April 10, 1991 order of the United States Magistrate Judge denying plaintiffs' motion to remand is vacated and this action is *remanded* to the Circuit Court of the First Judicial District of Hinds County, Mississippi.

ORDERED.

rall defendants' motion to dismiss.