**ALFA INSURANCE CORPORATION,**
Plaintiff,

v.

**WORD OF FAITH MINISTRIES,**
Defendant.

No. J90–0490(W).

United States District Court,
S.D. Mississippi,
Jackson Division.

Sept. 23, 1991.

Chris J. Walker, Al Nuzzo, Markow, Walker, Reeves & Anderson, Jackson, Miss., for plaintiff.

Jim Warren, Waycaster & Warren, G. Todd Burwell, Kirkland, Barfield & Panter, Jackson, for defendant.

## ORDER

WINGATE, District Judge.

Before the court is the motion of the defendant, Word of Faith Ministries (hereinafter Word) to dismiss this lawsuit pursuant to Rule 19(b)[1], Federal Rules of Civil Procedure, because indispensable parties are not joined and there is, according to Word, no way to join them without depriving this court of jurisdiction. Plaintiff Alfa Insurance Corporation (hereinafter Alfa) opposes the motion, contending that the disputed parties may be joined in this action under ancillary jurisdiction, Rule 13(a) of the Federal Rules of Civil Procedure. The court agrees with the plaintiff.

This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201[2] and 2202[3] brought by Alfa Insurance Corporation seeking a declaratory judgment regarding the terms and conditions of an insurance policy issued by the plaintiff to the defendant. Alfa is a non-resident, foreign corporation having its principal place of business in Montgomery, Alabama and doing business in the State of Mississippi. Defendant Word is a corporation incorporated under the laws of the State of Mississippi and having its principal business in the State of Mississippi. Plaintiff asserts jurisdiction under 28 U.S.C. § 1332(a)[4], diversity of citizenship.

In its complaint Alfa seeks judicial guidance relative to its obligations under its insurance contract with Word wherein Alfa insured certain of Word's properties against loss caused by fire, lightning, or windstorm. It appears that on February 9, 1990, a tornado caused damage to one of Word's properties insured under plaintiff's policy. Thereafter, the parties sought to mediate the cost of repair. Alfa contacted first Crawford & Company, an independent adjusting firm, and, later, Mississippi Claims Service, another independent adjusting firm, to assess the damage. These companies assessed Word's damage respectively at $28,000.00 and $34,369.79. There-

1. Rule 19(b) of the Federal Rules of Civil Procedure provides in pertinent part:
   **(b) Determination by Court Whenever Joinder not Feasible.**
   If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable....

2. Title 28 U.S.C. § 2201 provides in pertinent part:
   (a) In a case of actual controversy within its jurisdiction, ..., any court of the United States upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

3. Title 28 U.S.C. § 2202 provides:
   Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

4. Title 28 U.S.C. § 1332(a) provides in pertinent part:
   (a) The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,-000.00 exclusive of interest and costs, and is between
   (1) citizens of different States; ...

after, Word hired Alexander Construction Service to evaluate the damage to its premises and this company provided a cost repair of $133,362.00. Then, the parties received a cost repair from yet another building contractor, Billy Ware of Mid–State Construction Company. His estimate for the repair of Word's premises came to $81,228.00. When Word would not agree to this amount, Alfa filed this action for declaratory judgment, asking this court to interpret the replacement value provision contained in the insurance contract and to assess what amount is owed to Word under the insurance contract.

Word has answered the complaint and responded with a counterclaim against Alfa asserting that in bad faith Alfa has refused to pay Word's claim. Now, Word additionally contends that the adjusting companies, Crawford & Company and Mississippi Claims Service, made false reports to Alfa which led to Alfa's denial of Word's claim. This conduct, claims Word, exposes these adjusting companies to a finding of liability.

Word then contends that the adjusting companies, Crawford & Company and Mississippi Claims Service, are necessary and indispensable parties here under Rule 19(a)(1) of the Federal Rules of Civil Procedure, without whom complete relief cannot be accorded. Mississippi Claims Service, Inc. is a corporation organized and existing under the laws of the State of Mississippi. Crawford & Company is a non-resident, foreign corporation authorized to do and doing business in the State of Mississippi.

Word says that only recently did it learn that an action under Mississippi law could be maintained against these adjusting companies, when *Bass v. California Life Insurance Company*, 581 So.2d 1087 (Miss. 1991) was decided. *Bass* overruled *Griffin v. Ware*, 457 So.2d 936 (Miss.1984), which held that an adjuster would not be liable to an insured for the adjuster's actions in evaluating a claim for an insurer. *Bass* ended *Griffin*'s reign and established a new standard of liability for adjusters in accordance with the holding in *Dunn v. State Farm Fire and Casualty Company*,

711 F.Supp. 1359 (N.D.Miss.1987). *Dunn* holds that an adjuster may incur independent liability when his conduct constitutes a gross negligence, malice, or reckless disregard for the rights of the insured, but not for simple negligence. *Bass* at page 1090.

So, says Word, under *Bass*, it has a cause of action against these adjusters, but inasmuch as they are Mississippi parties their inclusion into this lawsuit would destroy diversity jurisdiction. Therefore, says Word, this case should be dismissed so that the matter may be pursued in state court where all of the proper parties may be joined.

Alfa responds that this court has ancillary jurisdiction over the two adjusters based upon the compulsory nature of Word's counterclaim. Alfa contends that Word's counterclaim is compulsory because (1) the issues of law and fact are the same in the claim and counterclaim, (2) res judicata would bar the defendant's claim if it were not asserted as a counterclaim, and (3) the same evidence will support or refute the claims of both the plaintiff and defendant. *See Plant v. Blazer Financial Services, Inc.*, 598 F.2d 1357 (5th Cir.1979). Relying upon the case of *H.L. Peterson v. Applewhite*, 383 F.2d 430 (5th Cir.1967), Alfa argues that since Word's counterclaim is compulsory, this court retains jurisdiction even absent diversity of all the parties if it had jurisdiction over the initial lawsuit. *Id.* at page 433. *Peterson* also holds that a compulsory counterclaim under Rule 13(a) of the Federal Rules of Civil Procedure is one which arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim. This has been broadly interpreted not to require an absolute identity of factual backgrounds, but only a logical relationship. *See* footnote 4 at page 433. The "logical relationship" test was applied in *Montgomery Elevator Company v. Building Engineering Services*, 730 F.2d 377 (5th Cir.1984), which held that a logical relationship exists if "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional rights, otherwise dormant, in the

defendants." *See Old Hickory Barge & Fleeting, Inc. v. Barge M–553,* 107 F.R.D. 689, 691 (M.D.La.1985), and the Fifth Circuit cases therein cited.

In *Zurn Industries, Inc. v. Action Construction Company, Inc.,* 847 F.2d 234 (5th Cir.1988), the Fifth Circuit stated:

> Once subject matter jurisdiction is proper, the court may have ancillary jurisdiction over additional claims and parties it may not have had otherwise. Whether the court has ancillary jurisdiction over the claim or party depends on the type of claim or party. If the claim is a compulsory counterclaim, Federal Rules of Civil Procedure 13(a), a cross-claim, Federal Rules of Civil Procedure 13(g), or if the party is added pursuant to a counterclaim or cross-claim, Federal Rules of Civil Procedure 13(h), or impleaded, Federal Rules of Civil Procedure 14, the court has ancillary jurisdiction over the claim or party even in the absence of an independent basis for federal jurisdiction.

Therefore, Alfa says that, as a third-party plaintiff, Word may amend its counterclaim to include Crawford and Mississippi Claims Service without disturbing this court's jurisdiction because the case was initially before this court on the proper jurisdictional foundation of diversity, 28 U.S.C. § 1332, and because compulsory counterclaims fall within the ancillary jurisdiction of the federal court.

This court agrees with Alfa and finds that Word's claims against the two adjusters, Crawford & Company and Mississippi Claim Service, would constitute a compulsory counterclaim pursuant to Rule 13(a) of the Federal Rules of Civil Procedure over which this court has ancillary jurisdiction. Clearly, the same evidence and law will support or refute plaintiff's claim as well as that of defendant's counterclaim. Further, since Word's claim must be deemed a compulsory counterclaim, ancillary jurisdiction would lie to allow Word to bring into the lawsuit Crawford & Company and Mississippi Claims Service without destroying diversity jurisdiction even though these two companies are Mississippi parties. *H.L. Peterson v. Applewhite,* 383 F.2d 430 (5th Cir.1967); *Zurn Industries, Inc. v. Action Construction Company, Inc.,* 847 F.2d 234 (5th Cir.1988). Therefore, the motion of the defendant, Word of Faith Ministries, to dismiss is hereby denied and Word is given leave to amend the counterclaim to bring in the parties of Crawford & Company and Mississippi Claims Service. Said amendment is to be filed within fifteen (15) days of this court's order.

SO ORDERED.