**Phylisha YOUNG, Plaintiff**

v.

**SAFEWAY INSURANCE COMPANY, Beverly Ann Mitchell d/b/a Mitchell Insurance Agency and Unknown Defendant A, Defendant.**

**Civil Action No. 3:10CV564TSL–FKB.**

United States District Court,
S.D. Mississippi,
Jackson Division.

July 29, 2011.

Carroll Edward Rhodes, Hazlehurst, MS, for Plaintiff.

Phillip W. Gaines, Joseph W. Gill, Currie, Johnson, Griffin, Gaines & Myers, James W. Shelson, Phelps Dunbar, LLP, Jackson, MS, for Defendant.

## MEMORANDUM OPINION
## AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of plaintiff Phylisha Young to remand pursuant to 28 U.S.C. § 1447. Defendant Safeway Insurance Company has responded to the motion and the court, having considered the memoranda of authorities, together with attachments submitted by the parties, concludes that the motion should be granted.

On October 1, 2007, plaintiff's son was involved in a one-car accident while driving a 2001 Marquis insured under a policy of insurance purchased by plaintiff from Safeway Insurance Company (Safeway) through a local agent, Beverly Ann Mitchell d/b/a The Mitchell Agency (Mitchell). Plaintiff sought coverage under her policy for the damage to the vehicle and for medical payments for injuries Jamain received in the accident. Safeway denied the claim, taking the position that coverage was voided based on plaintiff's breach of warranty in the application, particularly by plaintiff's having failed to identify Jamain as a member of her household and/or frequent user of her automobile.[1]

Plaintiff filed the present action in the Circuit Court of Copiah County, Mississippi against Safeway, which is a foreign insurance carrier, and against Mitchell, the resident agent, asserting a claim for breach of contract against Safeway only, and also purporting to assert claims against both Safeway and Mitchell for breach of contract, negligence and/or gross negligence in failing to investigate and pay legitimate claims, negligent and/or fraudulent misrepresentation in "misleading the plaintiff about the application process and the coverage and benefits plaintiff would receive," and conversion by misleading plaintiff into paying premiums for coverage they did not intend to provide. Plaintiff alleges she truthfully completed the insurance application form based on instructions given her by Mitchell and that her claim for coverage was therefore wrongfully denied.

Safeway timely removed the case to this court on the basis of diversity jurisdiction, contending Mitchell was improperly joined. Plaintiff timely filed her motion to remand, to which Safeway promptly responded.[2] As the removing party, the burden is on Safeway to demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999)).

1. Although in the application, plaintiff warranted that she had listed "all regular frequent drivers, and/or residents of the household fourteen (14 years of age or older) ... with their names and date of birth even if not an operator ...," plaintiff did not list Jamain, and instead, listed only herself. The policy states:

> The statements made by you in the application are deemed to be warranties. Any false or misleading information provided on

the application to us .... will result in the policy being null and void from its effective date.

2. While the motion to remand was filed more than a year ago, plaintiff filed for bankruptcy protection soon after the motion was filed and the case has been stayed until very recently, when plaintiff advised the court her bankruptcy has been dismissed and requested a ruling on the pending remand motion.

Under the second prong, which is at issue here, the court must evaluate "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir.2005) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004)) (en banc). "If no reasonable basis of recovery exists, a conclusion can be drawn that the plaintiff's decision to join the local defendant was indeed fraudulent, unless that showing compels dismissal of all defendants." *Id.*

 Safeway's assertion in its notice of removal and response to the motion to remand that plaintiff has not alleged a viable claim against Mitchell for breach of contract is correct. Mississippi law is clear: an agent of a disclosed principal is not a party to his principal's contract and cannot be liable for its breach. *Jabour v. Life Ins. Co. of North America*, 362 F.Supp.2d 736, 740–41 (S.D.Miss.2005). *See also Jenkins v. Farmington Cas. Co.*, 979 F.Supp. 454, 457 (S.D.Miss.1997) (agent who is not party to insurance contract is not liable for payment of contractual benefits). Moreover, plaintiff does not allege any facts to suggest that Mitchell had any duties relating to, or involvement in the payment or denial of claims, and Mitchell has submitted an affidavit in which she confirms she had no role whatsoever in the investigation or denial of the claim.[3] Thus, plaintiff has no reasonable possibility of recovery against Mitchell on

any claim against her for negligence and/or gross negligence in the adjustment of the claim, including the ultimate denial of the claim.

Plaintiff does not appear to take issue with any of this. Instead, her motion to remand focuses primarily on her putative claims against Mitchell for negligent and/or fraudulent misrepresentation. These claims are based on plaintiff's allegation that Mitchell negligently and/or intentionally misled her "about the application process and the coverage and benefits that plaintiff would receive."

In its response to the motion to remand, Safeway argues that plaintiff has failed to plead her fraud claim against Mitchell with particularity, as required by both the Federal and Mississippi Rules of Civil Procedure. *See* Fed. R. Civ. Proc. 9(b) ("In alleging fraud ... a party must state with particularity the circumstances constituting fraud...."); Miss. R. Civ. Proc. 9(b) (same). *See also Smith v. Union Nat. Life Ins. Co.*, 187 F.Supp.2d 635, 650 (S.D.Miss.2001) ("[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.") (quoting *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir.1997)); *Howard v. Estate of Harper*, 947 So.2d 854 (Miss. 2006) ("The circumstances of the alleged fraud such as the time, place and contents of any false representations or conduct must be stated."). Indeed, Mitchell's com-

---

**3.** While improper joinder issues are ordinarily resolved via a Rule 12(b)(6)—type analysis, the court has discretion to pierce pleadings and conduct a summary inquiry in cases where the plaintiff has stated a claim, but "misstated or omitted discrete facts." *Har-*

*ried v. Forman Perry Watkins Krutz & Tardy*, 813 F.Supp.2d 835, 840, 2011 WL 2728292, at *2 (S.D.Miss. July 12, 2011) (quoting *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir.2005)).

plaint is obviously insufficient to state a claim for relief based on fraud.

 Safeway next contends plaintiff cannot establish a claim against Mitchell for negligent misrepresentation, since plaintiff has alleged that Mitchell was acting as an agent for Safeway, and since under Mississippi law, an agent cannot be held individually liable for simple negligence.[4] However, contrary to defendant's suggestion, Mississippi law does not preclude all claims against insurance agents based on simple negligence.

 The Mississippi Supreme Court has held "an insurance adjuster, agent or other similar entity may not be held independently liable for simple negligence *in connection with its work on a claim.* Such an entity may be held independently liable for its work on a claim if and only if its acts amount to any one of the following familiar types of conduct: gross negligence, malice, or reckless disregard for the rights of the insured." *Gallagher Bassett Services, Inc. v. Jeffcoat,* 887 So.2d 777, 784 (Miss.2004) (emphasis added) (applying standard of liability articulated in *Bass v. California Life Ins. Co.,* 581 So.2d 1087, 1090 (Miss.1991)); *see also Gallagher Bassett Services, Inc. v. Malone,* 30 So.3d 301, 309 (Miss.2010) (reiterating that "[a]n insurance adjuster can be liable for conduct constituting malice, reckless disregard for the rights of the insured, or gross negligence. '... [A]n adjuster is not liable for simple negligence in adjusting a claim.'"). However, this higher standard of liability drawn from the Mississippi Supreme Court's *Bass* decision appears "limited to the tort-contract hybrid cause of action for bad faith denial of insurance claims." *Wood v. Allstate Ins. Co.,* 1997 WL 570848, at *2 (N.D.Miss. 1997). *See Gray ex rel. Rudd v. Beverly*

*Enterprises–Mississippi, Inc.,* 390 F.3d 400, 406 (5th Cir.2004) (observing that removing defendants had pointed to no cases "in which the *Bass* limitation has been applied outside the context of bad-faith denial of claims," and holding that district court erred in finding no possibility of recovery on simple negligence claim against agent for disclosed principal).

Outside the context of claims adjustment, the Mississippi Supreme Court has found circumstances in which liability against an insurance agent for a disclosed principal can be predicated on "simple negligence." For example, in *Mladineo v. Schmidt,* 52 So.3d 1154, 1162 (Miss.2010), plaintiffs who had approached a local Nationwide agent seeking "full" coverage for their Gulf Coast home, alleged that they chose not to purchase a separate flood policy and instead purchased only a "hurricane policy" based on the agent's having negligently misrepresented to them that no part of their property was located in a flood zone. *Id.* Only after Nationwide denied their claim for coverage under the hurricane policy for damage from Hurricane Katrina did the plaintiffs learn that the rear portion of their property was in fact in a flood plain. *Id.* The court rejected the defendants' motion for dismissal of the negligent misrepresentation claim against the agent, stating, "[The plaintiffs] may argue that, but for [the agent's] misrepresentation of the fact that their property was in a flood plain, they would have bought flood coverage. Even actual knowledge and understanding of every word, phrase, and idea of the policy does not preclude the possibility that they may have bought more extensive coverage absent Schmidt's alleged negligence." *Id.* at

---

**4.** The court notes that the claim for negligent misrepresentation is not subject to the pleading requirements of Rule 9(b), but rather is governed by Rule 8.

1163.[5] The court observed that this claim could be brought for "simple negligence" or "under a theory of negligent misrepresentation."

From the foregoing, it is clear that Safeway's contention that Mississippi law forecloses the possibility of plaintiff's establishing any claim of "simple negligence" against Mitchell is not supportable. The court thus concludes that Safeway has failed to sustain its burden to prove improper joinder and accordingly, plaintiff's motion to remand will be granted.

Based on the foregoing, it is ordered that plaintiff's motion to remand is granted.

---

**5.** In so holding, the court clarified:

[W]e do not find that insurance agents in Mississippi have an affirmative duty to advise buyers regarding their coverage needs.... However, we find that if agents do offer advice to insureds, they have a duty to exercise reasonable care in doing so. A jury should be allowed to decide whether reasonable care was exercised here.

*Mladineo v. Schmidt*, 52 So.3d 1154, 1163 (Miss.2010).