**Robert and Alberta JOHNSON, Plaintiffs,**

v.

**Tejory RIMES, Progressive Gulf Insurance, The Progressive Group of Insurance Companies and John Does 1–5, Defendants.**

**Civil Action No. 3:12CV331TSL–MTP.**

United States District Court, S.D. Mississippi, Jackson Division.

July 12, 2012.

---

Precious Tyrone Martin, Suzanne Griggins Keys, Precious Martin, Sr. and Associates, PLLC, Jackson, MS, for Plaintiffs.

Cecil Maison Heidelberg, Heidelberg Harmon, PLLC, Ridgeland, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

Plaintiffs Robert and Alberta Johnson, both citizens of Mississippi, filed suit in the Circuit Court of Hinds County, Mississippi, against their non-resident automobile insurer Progressive Gulf Insurance and The Progressive Group of Insurance Companies (collectively Progressive), and against Progressive's local adjuster, Tejory Rimes, alleging that their claim for uninsured motorist benefits under their Progressive policy was wrongly denied. Pursuant to 28 U.S.C. § 1446, Progressive removed the case to this court contending that Rimes was improperly joined and that this court therefore has jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332. Plaintiffs have now moved to remand pursuant to 28 U.S.C. § 1447, claiming that they have asserted a viable claim for recovery against Rimes for her tortious conduct in the adjustment of their claim. Progressive has responded in opposition to plaintiffs' motion, maintaining that plaintiffs have no reasonable possibility of recovery against Rimes. And Rimes has separately moved to dismiss plaintiffs' complaint against her pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

■■■ As the removing party, the burden is on Progressive to demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999)). Under the second prong, which is at issue here, the court must evaluate "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir.2005) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc)). "If no reasonable basis of recovery exists, a conclusion can be drawn that the plaintiff's decision to join the local defendant was indeed fraudulent, unless that showing compels dismissal of all defendants." *Id.*

■■■ In its notice of removal and response to the motion to remand, Progressive argues that plaintiffs have not stated a cognizable claim against Rimes for breach of contract. Plaintiffs do not dispute this, nor could they reasonably do so, for Mississippi law is clear: an agent of a disclosed principal is not a party to his principal's contract and cannot be liable for its breach. *Jabour v. Life Ins. Co. of North America*, 362 F.Supp.2d 736, 740–41 (S.D.Miss.2005). *See also Jenkins v. Farmington Cas. Co.*, 979 F.Supp. 454, 457 (S.D.Miss.1997) (agent who is not party to

insurance contract is not liable for payment of contractual benefits). Plaintiffs argue, though, that Rimes is a proper party in this case because they have stated a claim against her for gross negligence.

■ The Mississippi Supreme Court has held "an insurance adjuster, agent or other similar entity may not be held independently liable for simple negligence in connection with its work on a claim. Such an entity may be held independently liable for its work on a claim if and only if its acts amount to any one of the following familiar types of conduct: gross negligence, malice, or reckless disregard for the rights of the insured." *Gallagher Bassett Services, Inc. v. Jeffcoat*, 887 So.2d 777, 784 (Miss.2004) (applying standard of liability articulated in *Bass v. California Life Ins. Co.*, 581 So.2d 1087, 1090 (Miss.1991)); *see also Gallagher Bassett Services, Inc. v. Malone*, 30 So.3d 301, 309 (Miss.2010) (reiterating that "[a]n insurance adjuster can be liable for conduct constituting malice, reckless disregard for the rights of the insured, or gross negligence. '... [A]n adjuster is not liable for simple negligence in adjusting a claim.'").[1]

In their complaint herein, plaintiffs' sole allegation relating to Rimes—indeed their sole reference to Rimes other than in the style of the case—appears in paragraph 18 a., in which they allege only that "Tejory Rimes failed and refused to make an adequate investigation before refusing to provide coverage to Plaintiffs under said poli-cy of insurance," as a consequence of which Progressive "has completely failed, refused and neglected to pay unto Plaintiffs adequate sums for the injuries sustained." However, no detail is provided relating to the charge against Rimes.

In their initial filing on their motion to remand, plaintiffs argued that Rimes is a proper party because she "was negligent in her investigation of the accident and Progressive has refused to pay the Johnsons what they are owed pursuant to their contract of insurance," and that her "negligent investigation of the accident makes her the central figure in the wrongful activity alleged herein." Plaintiffs did not suggest in their initial brief that Rimes was any more than merely negligent. Only after Progressive pointed out in its response that the standard for adjuster liability relating to work on a claim is gross negligence or reckless disregard did plaintiffs argue that they have adequately asserted a claim for gross negligence.

■ In this regard, plaintiffs correctly point out in their rebuttal that "[a]n adjuster has a duty to investigate all relevant information and make a realistic evaluation," *Fonte v. Audubon Ins. Co.*, 8 So.3d 161, 163 (Miss.2009), and that "[i]f an agent does not adhere to this duty, the agent will incur individual liability where the agent's conduct rises to the level of gross negligence," *id.* at 166–67. Plaintiffs conclude that Rimes is properly joined since they "have alleged that Rimes and

---

1. Plaintiffs cite Judge Wingate's recent opinion in *Hunter v. Progressive Casualty Insurance Company*, Civil Action No. 3:09CV458HTW–LRA (S.D.Miss. March 7, 2012), in support of their motion, describing it as a case that was remanded "where the plaintiffs alleged that the adjuster had negligently advised them not to settle a lawsuit filed against them." This is not an accurate characterization of the case. In *Hunter*, Judge Wingate made clear that to have potential liability, an "agent's actions in connection with a claim must constitute more than simple negligence The independent liability of an agent must be based on actions that amount to gross negligence, or reckless disregard for the rights of the insured." *Id.* slip op. at 7 (citing *Rogers v. Nationwide Prop. & Cas. Ins. Co.*, 433 F.Supp.2d 772 (S.D.Miss.2006)). He went on to find that the evidence submitted on the motion to remand provided a reasonable basis of recovery under the gross negligence/reckless disregard standard. *Id.* at 8.

Progressive were guilty of gross negligence in failing to adequately investigate [their] claim." In fact, plaintiffs have not alleged that Rimes was grossly negligent or identified any facts that would support this conclusion. Moreover, in response to the motion to remand, Progressive has presented Rimes' affidavit, which completely belies any suggestion of gross negligence.[2] In her affidavit, Rimes explains that in her role as adjuster on plaintiffs' claim, she reviewed all the medical information furnished by plaintiffs and determined that Mrs. Johnson's medical bills totaled $25,161 as of March 27, 2012. She states that although plaintiffs had already recovered $25,000 from another insurance carrier, she did not evaluate this amount as being credited against plaintiffs' Progressive coverage, and on behalf of Progressive, she offered the Johnsons $33,000 for their claim. They considered this amount inadequate and demanded $42,000.

In their rebuttal, plaintiffs do not dispute these basic facts, but they suggest (via their attorney's affidavit) that Rimes was grossly negligent because she did not seek a medical authorization from Mrs. Johnson in order for Rimes "to receive any medical bills and records herself," and because she "never had Mrs. Johnson undergo a medical examination under oath to determine the nature and extent of her injuries." Plaintiffs make clear that their attorney sent Rimes "approximately fifteen (15) emails providing Mrs. Johnson's medical bills, records, and physician statements," and that he "repeated to Mrs. Rimes the severity of Mrs. Johnson's injuries." Plaintiffs do not suggest there was additional medical evidence that Rimes failed to acquire. Nevertheless, they suggest that Rimes was grossly negligent in failing to pursue additional medical information and conclude that she "never evaluated or properly negotiated [their] claim."

It is manifest from the foregoing evidence that the facts do not support any reasonable conclusion that Rimes was grossly negligent or acted in reckless disregard of plaintiffs' rights. Rimes evaluated the medical evidence submitted by plaintiffs, determined an amount she considered reasonable compensation for Mrs. Johnson's injuries and offered that amount to plaintiffs (which is approximately seventy-five percent of what plaintiffs contend they were entitled to recover). Under no circumstances can this be characterized as gross negligence or reckless disregard.

Accordingly, the court concludes that plaintiffs have no reasonable possibility of recovery against Rimes and therefore, it is ordered that plaintiffs' motion to remand is denied and that Rimes' motion to dismiss is granted.

---

**2.** While improper joinder issues are ordinarily resolved via a Rule 12(b)(6)—type analysis, the court has discretion to pierce pleadings and conduct a summary inquiry in cases where the plaintiff has stated a claim, but "misstated or omitted discrete facts." *Harried v. Forman Perry Watkins Krutz & Tardy*, 2011 WL 2728292, at *2 (S.D.Miss. July 12, 2011) (quoting *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir.2005)).