**JPMORGAN CHASE BANK, for and on behalf of Mahonia Limited and Mahonia Natural Gas Limited, Plaintiff,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Travelers Casualty and Surety Company, St. Paul Fire and Marine Insurance Company, Continental Casualty Company, National Fire Insurance Company of Hartford, Fireman's Fund Insurance Company, Safeco Insurance Company of America, the Travelers Indemnity Company, Federal Insurance Company, Hartford Fire Insurance Company, Lumbermens Mutual Casualty Company, Defendants.**

No. 01 Civ. 11523.

United States District Court,
S.D. New York.

Sept. 16, 2002.

Frank Mosley, John M. Callagy, Steve Caley, Neil Merkl, Jonathan Cooperman, Kelley, Drye & Warren, LLP, New York City, for Plaintiff.

Eva H. Posman, New York City, Joseph Dworetzky, Michele Hangley, Henry Hockeimer, Jr., Hangley, Aronchick, Segal & Pudlin, Philadelphia, PA, for Liberty Mutual Ins. Co.

Alan Levine, Celia Goldwag Barenholtz, Kronish, Lieb, Weiner & Hellman, LLP, New York City, for Travelers Cas. and Surety Co., The Travelers Indemnity Co., St. Pauls Fire and Marine Ins. Co.

Stewart D. Aaron, Dorsey & Whitney, LLP, New York City, Armen Shahinian, Wolff & Samson, PA, Roseland, NJ, for Continental Cas. Co. and Nat. Fire Ins. Co. of Hartford.

Vincent J. Zichello, Zichello & McIntyre, LLP, New York City, Local Counsel and Darren Watts, Benjamin Schwartz, George Ellis, Nadine McSpadden, Maria Minor,

Agostino Lorenzini, John O'Bryan, Altheimer & Gray, Chicago, IL, for Fireman's Fund Ins. Co.

Mark S. Gamell, Robert Beau Leonard, Torre, Lentz, Gamell, Gary & Rittmaster, LLP, Jericho, NY, T. Scott Leo, Michael Weber, Leo & Weber, PC, Chicago, IL, Chad Gettleman, Adelman, Gettleman, Merens, Berish & Carter, Ltd., Chicago, IL, for Safeco Ins. Co. of America, Hartford Fire Ins. Co. and Lumbermens Mutual Casualty Co.

Gary L. Leshko, Thomas G. Wilkinson, F. Warren Jacoby, Stephen Cozen, Thomas Harrington, Cozen & O'Connor, New York City, for Federal Ins. Co.

### MEMORANDUM

RAKOFF, District Judge.

■ During the course of this important litigation, familiarity with which is here assumed, *see generally JPMorgan Chase Bank v. Liberty Mutual Ins. Co.*, 189 F.Supp.2d 24 (S.D.N.Y.2002), the Court has had occasion to rule telephonically on a sizable number of discovery disputes raised by the able counsel representing the respective parties, without having any occasion to reduce the rulings to writing. It may be helpful, however, to elaborate in a brief memorandum the reasons for one of the Court's rulings conveyed during a telephone conference on September 5, 2002, since it relates to a mistaken belief about depositions generally, and about depositions sought pursuant to Fed.R.Civ.P. 30(b)(6) in particular, that appears to arise with some frequency. In a nutshell, depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means.

By way of brief background, plaintiff initiated this litigation by seeking a declaration that defendants were liable on certain surety bonds they had issued guaranteeing certain performance contracts, because the condition precedent to payment had been met, to wit, the failure of the obligor (Enron Corporation) to perform on the contracts. Defendants answered that the performance contracts were part of otherwise undisclosed

circular transactions that, when revealed in their entirety, were nothing more than disguised loans that the defendants could not and would not have insured if they had known the full facts. Plaintiff responded in turn that even assuming *arguendo* that the insured contracts were disguised loans, defendants knew enough of the underlying facts when defendants issued their bonds to internally question the insurability of the contracts and yet they still gave unqualified guarantees.

Against this background, plaintiff sought, pursuant to Rule 30(b)(6), to compel each defendant surety company to produce a witness who would identify those facts each defendant had learned *after* issuing the surety bonds that led that defendant to now claim that the purported performance contracts were actually disguised loans. For example, plaintiff's first request sought: "The facts discovered or learned by defendant . . . on or after September 29, 1998, which convert or otherwise change the . . . [f]orward [s]ale [c]ontract, dated December 18, 1997, . . . between [Enron Corporation and Mahonia Limited] for which [the defendant] issued a[ ] . . . [s]urety [b]ond, dated September 29, 1998, from a performance obligation to a loan . . . ." Plaintiff's Letter Brief in Support of Motion to Compel, Ex. A at 1–2 (Notice of Deposition).

Even if viewed, superficially, as a request for factual knowledge, plaintiff's request would have to be denied as irrelevant to any material fact issue in this case. Given the parties' respective claims, *supra*, what each defendant knew at the time it issued its bonds is highly relevant; but what it may have learned since then is entirely irrelevant. This is because the parties' respective obligations and liabilities are a function of what they knew, and what they disclosed or failed to disclose, at the time they entered their contractual relationships, not thereafter.

This is not to gainsay that it might be useful to plaintiff in preparing its defense to know precisely which allegedly undisclosed facts defendants now contend would, if revealed, have placed defendants on notice that the underlying performance contracts were, as alleged, *de facto* loans—though plaintiff never sought permission of the Court to propound a contention interrogatory in this regard. But to the extent plaintiff seeks such a particularization (beyond that afforded by the pleadings), plaintiff is really seeking defendants' protected work product. This, indeed, is the more fundamental objection to plaintiff's 30(b)(6) request. Under the guise of requesting "facts" that defendants now contend changed their view of the transactions, plaintiff is really requesting defendants' mental impressions, conclusions, opinions, and legal theory. Such classic work product is properly shielded from discovery, Fed.R.Civ.P. 26(b)(3), absent a much more compelling need than any here shown by plaintiff.

Accordingly, for each of the aforementioned reasons, the Court on September 5, 2002, denied plaintiff's 30(b)(6) request.