# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-SA-01280-SCT

*MISSISSIPPI STATE AGENCIES SELF-INSURED WORKERS' COMPENSATION TRUST*

*v.*

*ALEX HERRGOTT*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/22/2021 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH, III |
| TRIAL COURT ATTORNEYS: | BRIAN AUSTIN HINTON |
| | ROBERT DAVIS HOUSE |
| | WADE G. MANOR |
| | JEREMY DALE HAWK |
| | F. EWIN HENSON, III |
| | ARNULFO URSUA LUCIANO |
| | BETHANY ANN TARPLEY |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | BRIAN AUSTIN HINTON |
| | ROBERT DAVIS HOUSE |
| ATTORNEYS FOR APPELLEE: | ARNULFO URSUA LUCIANO |
| | BETHANY ANN TARPLEY |
| | McKENZIE W. PRICE |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | REVERSED AND REMANDED - 08/31/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KITCHENS, P.J., BEAM AND ISHEE, JJ.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1.     Despite the immense record, this appeal boils down to a simple negligence claim.  The

sole remaining defendant, Alex Herrgott, was driving a four-seat Polaris all-terrain vehicle

at night down a gravel road when he "overcorrected" trying to avoid a pothole.  The ATV

overturned, and Joseph Parks MacNabb, a passenger, was severely injured. Since MacNabb was a state employee in the course and scope of his employment, he received workers' compensation benefits from the Mississippi State Agencies Self-Insured Workers' Compensation Trust. The Trust later initiated this litigation in an attempt to recover more than $300,000 in benefits paid for MacNabb's injury.

¶2. The circuit court ultimately granted summary judgment to Herrgott because the Trust's Mississippi Rule of Civil Procedure 30(b)(6) representative could not articulate a legal theory entitling it to recover. We find that there was sufficient evidence of Herrgott's negligence for the case to go to trial, and the deposition testimony of a lay witness should not bind the Trust as to which legal theories it can pursue. We therefore reverse the summary judgment and remand the case for trial.

## FACTS

¶3. In August 2015, MacNabb, a state employee, was attending an event at the Burkes Hunting Club in Coahoma County called the "Recess on the River." The event was hosted by Delta Council (an economic development organization) and Delta Wildlife (a conservation group), and many staffers employed by state and local government officials were invited.

¶4. The night of August 18, 2015, MacNabb and other conference attendees went to the Ground Zero Blues Club in Clarksdale for dinner and a conference function. On the final leg of the trip back to his cabin, around 10:30 p.m., MacNabb was severely injured when the ATV he was riding in turned over.

2

¶5.     MacNabb was hospitalized for about a month afterwards.  He suffered abrasions, several broken ribs, a fractured pelvis, a "disintegrated" sacrum (the bone at the base of the spine), and multiple spinal fractures.  MacNabb's injuries required physical therapy that was still ongoing five years after the accident.

¶6.     MacNabb was, at the time, employed as the chief of staff for the lieutenant governor of Mississippi, and he was subsequently found to have been injured in the course and scope of his employment.  As a result, the Mississippi State Agencies Self-Insured Workers' Compensation Trust paid more than $328,000 in indemnity and medical benefits.  On August 16, 2018, the Trust filed a lawsuit seeking reimbursement and exoneration for all workers' compensation benefits paid in connection with MacNabb's accident pursuant to Mississippi Code Section 71-3-71 (Rev. 2021).

¶7.     The identity of the ATV driver was initially unknown to the Trust.  It filed suit in 2018, alleging negligence and naming as defendants Burkes Hunting Club; River View Land Company; Delta Council; Bowen Flowers; Omega Plantation; and John and Jane Does A; B; C; and D.  Initially, both the Trust and MacNabb were plaintiffs, but MacNabb (whom the Trust describes as "difficult to locate and communicate with") was dismissed by agreed order in 2019.

¶8.     In 2020, after extensive litigation, Alex Herrgott was identified as the driver of the ATV by one of the other defendants.  The Trust then filed an amended complaint that added additional defendants, including Herrgott.  Herrgott was subsequently deposed and testified that the ATV accident had occurred because he "overcorrected" to avoid a pothole.

3

¶9. Ultimately, all defendants but Herrgott settled, received summary judgment, or were dismissed for one reason or another. The trial court then granted Herrgott summary judgment, finding that the Trust "failed to put forth any evidence of breach of a duty by Defendant Herrgott." The trial court further found that the Trust was bound by the deposition testimony of its Rule 30(b)(6) representative to the effect that it had no evidence of improper driving. The Trust appeals.

## ISSUES

¶10. There are two major issues presented by the briefing, which we articulate as follows:

1. Whether there was a genuine issue of material fact on the question of Herrgott's negligence; and

2. Whether the trial court was correct in finding the Trust's Rule 30(b) deposition testimony precluded it from advancing alternative legal theories.

## STANDARD OF REVIEW

¶11. This Court reviews a trial court's grant of summary judgment de novo. *Short v. Columbus Rubber & Gasket Co.*, 535 So. 2d 61, 63 (Miss. 1988). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Hosemann v. Harris*, 163 So. 3d 263, 267 (Miss. 2015) (citation and internal quotation marks omitted). "The moving party has the burden of demonstrating no genuine issue of material fact exists" and "[t]he evidence is viewed in the light most favorable to the party opposing the motion." *Id.* (citations omitted). "Because the movant must be entitled to a judgment as a matter of law,

a summary-judgment motion is usually limited to questions of law, which this Court reviews de novo." **Bennett v. Highland Park Apartments, LLC**, 170 So. 3d 450, 452 (Miss. 2015).

¶12.    "[T]his Court's review of the motion for summary judgment is just as if this Court were sitting as the circuit judge. No deference is given to the circuit court's decisions. This Court must look at the same pleadings and evidentiary material that the trial court considered." **Miss. Hub, LLC v. Baldwin**, 358 So. 3d 305, 308 (Miss. 2023) (citation omitted).

## DISCUSSION

### 1.    Negligence

¶13.    Herrgott testified that he was driving the Polaris ATV toward the cabins when MacNabb and some others asked him for a ride. MacNabb was from a different party and Herrgott did not know him, though they may have socialized earlier that night at the Ground Zero Blues Club in Clarksdale. On the way back to the cabins, Herrgott saw a pothole near a curve in the gravel road and "overcorrected," causing the vehicle to tip over. Hergott had driven down the road before but on the opposite side, and he had not previously seen the particular pothole. But he knew the road was in poor condition and that other roads nearby were as well; he believed the damage had been done by recent flooding. Herrgott had extensive experience operating four-wheel ATVs. He said he was driving cautiously because of the condition of the road and his unfamiliarity with the particular vehicle he was operating. The pothole was four to six inches deep and about a foot wide. Herrgott turned right to avoid the pothole. He may have hit the hole slightly, then he turned back left; but by the time he

5

turned left, there "was already kind of—there's a little embankment that is like right there, which the right wheel started to go on as I was overcorrecting, and then it slowly tilted to the right." Herrgott testified that he was not going fast and that the vehicle "slowly" tipped over. He said there was "no possibility" MacNabb was thrown out, due to the low speed of the vehicle. Hergott believed MacNabb was injured because "his natural reaction to a slow tip [was] to either get out of the vehicle and try to hold it up . . . or he fell out as it was tipping."

¶14. MacNabb testified by deposition that he had been drinking, but he could not specifically remember whether Herrgott (or any particular other person) had been drinking. He was seated in the front passengers' seat. MacNabb was checking his cell phone to see if it had reception when he looked up and "there was either something we needed to dodge, but[—]I do remember there was a . . . turn in the road left, and it was alarming." MacNabb "probably said something because it was alarming to me." MacNabb was unsure whether it was an obstacle or a sharp turn in the road, but it caused Herrgott to "overcorrect very hard one way" followed by an overcorrection in the opposite direction. The rear passengers "were kind of spilled out" and MacNabb was "thrown out and [put in a] kind of a washing machine[1] with that thing on top of me, pushing me down the road . . . ." MacNabb slid down the gravel road with the ATV on top of him, resulting in a "road rash" abrasive injury. MacNabb specifically disagreed with Herrgott's characterization of the accident as a "slow

---

[1] Presumably MacNabb meant he was dragged like a rag on a wash *board* rather than that he tumbled with the vehicle as if they were in a washing machine, but those were the words he used.

6

tipping" during which MacNabb "sort of stepped out." MacNabb could not speak directly to how fast Herrgott was driving.

¶15. The two other passengers were deposed, but they remembered little about the accident. One said he hit his head and believed it had affected his memory, but he was not taken to the hospital after the accident.

¶16. After reviewing all the evidence, we find a genuine issue of material fact as to Herrgott's negligence. The four elements of a negligence claim are duty, breach of duty, proximate causation, and damages. *Hardin v. Town of Leaksville*, 345 So. 3d 557, 565 (Miss. 2022). Summary judgment is appropriate if any of those elements are not met. *Id.*

¶17. As noted above, the Trust initially pursued the theory that Herrgott had negligently operated the ATV because of alcohol intoxication, but the evidence was lacking to support that theory. The allegation of negligence was not limited to intoxication, however—the amended complaint alleged that Herrgott "owed a duty to MacNabb to use reasonable care in the operation of the ATV for use in transporting attendees [that] included, but is not limited to, a duty to not operate the ATV while intoxicated and/or impaired, to keep a proper lookout, and to operate the ATV with due care and caution for the safety of MacNabb."

¶18. Herrgott had a "duty of keeping a proper lookout and being on alert for vehicles, objects and persons ahead in the highway." *Utz v. Running & Rolling Trucking, Inc.*, 32 So. 3d 450, 481 (Miss. 2010) (citation omitted). This duty includes the obligation to be on the lookout for dangerous conditions of the road. He also had the duties to see "what he should have seen" and to keep his vehicle "under proper control." *Id.*; *Ready v. RWI*

7

*Transp., LLC*, 203 So. 3d 590, 594 (Miss. 2016) (citations omitted). As a Louisiana Court of Appeal put it, "A driver has a duty not to drive at a speed greater than is reasonable and prudent under the then existing conditions and potential hazards, having due regard for the surface of the roadway among other things." *Stone v. Bullard*, 2 So. 3d 1241, 1246, (La. Ct. App. 2009).

¶19. Even if Herrgott's speed was not negligent in and of itself, Herrgott likewise had a duty to maintain proper control of the vehicle. Once aware of a danger, the driver has a duty "to take reasonably proper steps to avoid an accident or injury to persons and property after having knowledge of the danger." *Shideler v. Taylor*, 292 So. 2d 155, 157 (Miss. 1974).

¶20. Crucially, on summary judgment "[t]he evidence must be viewed in the light most favorable" to the nonmoving party, and the Trust must be "given the benefit of all reasonable inferences and interpretations which the facts may support." *Gulfport OB-GYN, P.A. v. Dukes, Dukes, Keating & Faneca, P.A.*, 283 So. 3d 676, 680 (Miss. 2019); *Clark v. St. Dominic-Jackson Mem'l Hosp.*, 660 So. 2d 970, 972 (Miss. 1995).

¶21. Herrgott was driving at night, and by his own admission he knew the road was in poor condition. Based on the above authorities, a driver operating a vehicle at night on a roadway known to be in poor condition has a duty to operate the vehicle at a speed that would allow him to avoid potholes. Viewing the evidence in the light most favorable to the Trust and giving it the benefit of all reasonable inferences from the evidence, a genuine issue of material fact exists as to whether Herrgott was operating the ATV at a reasonable speed. A genuine issue of material fact likewise exists as to whether Herrgott's response to the

8

pothole—apparently turning so sharply as to flip the vehicle—amounted to a failure to keep the vehicle under proper control.

### 2. Rule 30(b)(6) Deposition

¶22. The circuit court found that the Trust was precluded from pursuing the above theories because of the deposition testimony of its Rule 30(b)(6) representative. We find that decision to be error.

¶23. At the Rule 30(b)(6) deposition, Herrgott questioned the Trust's representative about the evidence supporting its legal theories. The exchange went as follows:

> Q. So you've also filed a claim of negligence against Mr. Herrgott. What is your basis for that?
>
> [TRUST'S COUNSEL]: Object to the form.
>
> A. I don't have specifics on that, but as the operator of the vehicle I assume -- scratch that. As operator of the vehicle, it would be my belief that he would have liability for operating it in a safe manner.
>
> Q. Do you have any evidence that he was not operating it in a safe manner?
>
> A. The information that I gleaned from the claim files and the deposition overviews indicated alcohol was involved, and if that was the case then that would not be in a safe manner.
>
> Q. If that was not the case. Do you have any other evidence that he was not operating it in a safe manner?
>
> A. No, ma'am.

The trial court, granting summary judgment for Herrgott, held:

> [T]he Trust is also bound by the testimony of its 30(b)(6) deponent. When asked if the Trust had any other evidence that Alex Herrgott was not operating the ATV in a safe manner, the representative answered emphatically, "No, ma'am." To disregard the testimony of the Trust's 30(b)(6) deponent at this

9

juncture would be allowing the Trust to manufacture a disputed material fact where none exists.

¶24. As discussed above, we conclude that there was a genuine issue of material fact as to whether Herrgott negligently operated the vehicle. As to the 30(b)(6) deponent's testimony, it does not amount to a judicial admission by the Trust. The trial court seemed to rely on the oft-recited rule that "the nonmovant cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, his previous testimony." *Mar-Jac Poultry MS, LLC v. Love*, 283 So. 3d 34, 42 (Miss. 2019) (citation omitted). But that rule has no application here—the Trust was arguing its case, not submitting an affidavit or testifying; and it relied on the depositions of MacNabb and Herrgott, who are not affiliated with the Trust.

¶25. Moreover, we observe that the Rule 30(b)(6) representative could not have cited MacNabb's deposition testimony because MacNabb's deposition had not yet been taken.

¶26. Finally, and most importantly, the questions, though couched as inquiries about evidence, were, in effect, questions about the Trust's legal theories. Despite the fact that no one associated with the Trust had any personal knowledge of the accident, Herrgott's attorneys exploited Rule 30(b)(6) to essentially cross-examine the Trust's representative—a layman—about what arguments its lawyers would make.

¶27. *Jamison v. Barnes*, a Court of Appeals decision, is instructive on this point. In that case, the plaintiff could not explain, during his deposition, why the defendant was responsible for the accident. *Jamison v. Barnes*, 8 So. 3d 238, 244 (Miss. Ct. App. 2008). The trial court granted summary judgment, but the Court of Appeals reversed, holding that

10

the plaintiff's case "does not fail because he was unable to articulate a legal theory at his deposition." *Id.* We find this decision persuasive. As United States district courts have observed, "In a nutshell, depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means." *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002). "A 30(b)(6) witness's legal conclusions are not binding on the party who designated him . . . ." *S. Wine & Spirits of Am., Inc. v. Div. of Alcohol & Tobacco Control*, 731 F.3d 799, 811 (8th Cir. 2013) (citations omitted), *overruled on other grounds as noted in Sarasota Wine Mkt., LLC v. Schmitt*, 987 F.3d 1171, 1181 (8th Cir. 2021)).

¶28. Finally, Herrgott briefly argues on appeal that the Trust waived this issue by failing to present it to the trial court below. Herrgott claims he presented the issue to the trial court, and the Trust did not argue in response; but Herrgott does not give specific record citations in support. From our review of the record, it appears that Herrgott's brief in support of his summary judgment motion repeatedly noted the Rule 30(b)(6) deposition testimony, but he did not enumerate it as a specific issue or explicitly argue, with supporting authorities, that it was a forever-binding judicial admission by the Trust. That argument seems to have appeared for the first time in Herrgott's summary-judgment reply brief.

¶29. On summary judgment, the burden is on the moving party to make a prima facie showing that it is entitled to summary judgment, not the other way around. *See One S., Inc. v. Hollowell*, 963 So. 2d 1156, 1160 (Miss. 2007). Since Herrgott's arguments regarding the

legal effect of the Rule 30(b)(6) deposition testimony are without merit on their face, he failed to meet that threshold burden.

## CONCLUSION

¶30.    There is a genuine issue of material fact regarding whether Herrgott's negligence caused the accident, and the Trust is not bound by the failure of its Rule 30(b)(6) representative to articulate a legal theory at his deposition.  Thus, we reverse the summary judgment in favor of Herrgott and remand the case for further proceedings.

¶31.    **REVERSED AND REMANDED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND GRIFFIS, JJ., CONCUR.**