# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2022-CA-00787-SCT

*VINCE HARDAWAY*

*v.*

*HOWARD INDUSTRIES, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/11/2022 |
| TRIAL JUDGE: | HON. DAL WILLIAMSON |
| TRIAL COURT ATTORNEYS: | CLIFFORD B. AMMONS |
| | CLIFFORD BARNES AMMONS, JR. |
| | RICHARD T. LAWRENCE |
| | ROGER K. DOOLITTLE |
| | JONATHAN B. FAIRBANK |
| | RICHARD LEWIS YODER, JR. |
| | DOUGLAS S. BOONE |
| | LAUREN RUTH HILLERY |
| | ROBERT P. THOMPSON |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JONATHAN B. FAIRBANK |
| ATTORNEYS FOR APPELLEE: | LAURA W. GIVENS |
| | ROBERT P. THOMPSON |
| | RICHARD LEWIS YODER, JR. |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | AFFIRMED - 01/25/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KING, P.J., CHAMBERLIN AND ISHEE, JJ.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1. This appeal presents a claim by Vince Hardaway against Howard Industries, Inc., for the alleged bad faith denial of Hardaway's workers' compensation benefits. Howard Industries is a self-insured Mississippi corporation located in Jones County that "sells

electrical transformers and other products worldwide." Howard Industries contracts with CorVel Enterprise, a third-party claims administrator, to manage the workers' compensation claims of Howard Industries' employees. Hardaway worked at Howard Industries, where he assisted with the assembling of electrical transformers. In July 2009, Hardaway was diagnosed with carpal tunnel syndrome. Hardaway's workers' compensation benefits were ultimately determined by the Mississippi Workers' Compensation Commission's decision to award Hardaway both temporary partial disability and permanent partial disability benefits. This decision was affirmed by the Court of Appeals. *Howard Indus., Inc. v. Hardaway*, 191 So. 3d 1257, 1270 (Miss. Ct. App. 2015).

¶2. Hardaway subsequently brought this action against Howard Industries for bad faith denial of his temporary partial disability benefits. The trial court granted summary judgment against Hardaway, finding that the conduct of Howard Industries did not rise to the level of gross negligence or an independent tort. This Court affirms the judgment of the trial court.

**FACTS AND PROCEDURAL HISTORY**

¶3. In July 2009, Hardaway developed bilateral carpal tunnel syndrome and reported his injury to Cindy Ainsworth, a clerk at Howard Industries. Ainsworth in turn informed John Risher, Howard Industries' environmental health and safety manager, that Hardaway had reported "numbness and tingling and pain in the fingers" and that his doctor had found that this was a work related injury. Risher responded to the email from Ainsworth and inquired as to what Hardaway's job description and activities entailed. Risher stated, "[l]et's fill in all the blanks before we say it [is] workers' comp." Ainsworth also forwarded the doctor's

2

report to Joe Bridewell, the senior claims specialist at CorVel who managed Howard Industries' workers' compensation claims.[1]

¶4.     During the continuation of his employment after the diagnosis, Hardaway received treatment for his carpal tunnel.  Hardaway had periods in which he was restricted to light-duty work and periods in which he was unable to work at all.  ***Hardaway***, 191 So. 3d at 1260.  Hardaway received payments from CorVel for temporary total disability during the periods when he was not working due to the injury, but he did not receive temporary partial disability during the periods he worked and received less weekly wage than his pre-injury wages.  ***Id.*** at 1264.  On September 7, 2010, Ainsworth emailed Bridewell to inform him of Hardaway's work hours on light duty and stated, "I don't know if you owe him for that or not. He is working."

¶5.     Hardaway was eventually fired for insubordination on October 6, 2010.  ***Id.*** at 1260.  Howard Industries continued paying for medical treatment until January 13, 2011, when Hardaway's doctor determined that Hardaway had reached "maximum medical improvement with a 13% permanent medical impairment to each upper extremity and with permanent work restrictions on repetitive grasping, gripping or using scissors or knives."

¶6.     Hardaway filed a petition to controvert on January 18, 2011, and on February 7, 2011, he filed a Motion to Compel Temporary Partial Disability Benefits.  Hardaway argued that

---

[1]At this time Howard Industries used Safety Risk Services (SRS) as its third party administrator. CorVel bought all of SRS's assets on November 22, 2010. Bridewell worked for SRS and then for CorVel.  The significance of which actions were taken by SRS versus CorVel were discussed and argued in the trial court.   For clarity, and because it is not at issue on appeal, CorVel and SRS are referred to as CorVel.

he was denied temporary partial disability benefits for the time periods of July 9 to 10, 2009; July 24 to August 5, 2009; and August 23, 2010, to January 13, 2011. On March 4, 2011, Doug Boone, an attorney for Howard Industries, sent Roger Doolittle, attorney for Hardaway, a letter informing him that Bridewell had been directed to send a check for temporary partial disability benefits in the amount of $4,782.33. Boone noted that this check was prior to the final determination of benefits by the administrative judge. On March 4, 2011, Bridewell issued a check for Hardaway's temporary partial disability benefits.

¶7. On July 29, 2011, at Howard Industries' request, Hardaway was seen by a second doctor who opined that his carpal tunnel syndrome was more likely to have occurred due to his obesity and gout than his work activities.

¶8. On July 15, 2013, the administrative judge awarded Hardaway temporary partial disability benefits for the periods of July 9 to 10, 2009; July 24 to August 5, 2009; and August 23 to October 6, 2010, the day he was fired. Hardaway was also awarded permanent partial disability benefits and medical fees, and a 10 percent penalty was imposed on all untimely paid installments of compensation. Howard Industries appealed. The Mississippi Workers' Compensation Full Commission amended the amounts granted by the administrative judge for the temporary partial disability, and the Court of Appeals affirmed the full commission's award of benefits to Hardaway.[2] *Hardaway v. Howard Indust., Inc.*, MWCC No. 0906933-K-7217, 2014 WL 1724245, at *7 (Miss. Workers' Comp. Comm'n Apr. 22, 2014).

---

[2]This Court denied Howard Industries' petition for writ of certiorari. *Howard Industries, Inc. v. Hardaway*, 202 So. 3d 208 (Miss. 2016) (table).

¶9.     On March 16, 2017, Hardaway filed this suit against Howard Industries, and CorVel Enterprise for bad faith failure to pay workers' compensation benefits, gross negligence and punitive damages.[3] Hardaway alleged in his complaint that Howard Industries breached a duty to promptly and reasonably investigate and pay his temporary partial disability claims "by intentionally refusing to investigate whether Hardaway was owed temporary partial disability benefits under Mississippi's Workers' Compensation Act, and in refusing to pay Hardaway temporary partial disability benefits until forced to do so."

¶10.    Howard Industries filed its answer on June 1, 2017, and CorVel filed its answer on August 21, 2018. The parties engaged in aggressive discovery proceedings involving motions to compel, motions for attorneys' fees and multiple protective orders. Eventually, Howard Industries filed a motion for summary judgment in which it argued that it had delegated the management of its workers' compensation claims to CorVel and that Hardaway's motion for payment on February 7, 2011, was the first notice that it had of any failure to pay temporary partial benefits to Hardaway. A check in the amount of $4,782.33 for temporary partial benefits was then paid to Hardaway on March 4, 2011, prior to the final determination by the Commission. Under such facts, Howard Industries argued that it should be dismissed from the case because it had fulfilled its duties under its agreement with CorVel, and it had not denied Hardaway his benefits in bad faith.

---

[3]Hardaway had previously attempted this suit against Howard Industries, but the Court of Appeals determined that Hardaway had to first exhaust his administrative remedies. *Hardaway v. Howard Indus., Inc.*, 211 So. 3d 718, 722 (Miss. Ct. App. 2016) ("[T]he claimant must obtain a final judgment from the Commission that he is entitled to benefits—i.e., he must exhaust his administrative remedies—before instituting an action for the alleged bad faith denial of those benefits.").

¶11. On February 28, 2022, the trial court held a hearing on the motion for summary judgment. At the close of the hearing, the trial court granted Howard Industries' motion for summary judgment. The trial court found that Howard Industries had not actively participated in the administration of Hardaway's claim or "intentionally refused to pay with reasonable promptness the temporary partial disability benefits." Further the trial court found that under the workers' compensation statutes, Howard Industries could delegate its responsibilities to CorVel. If Howard Industries then failed to monitor whether Hardaway was receiving his workers' compensation benefits, the trial court found that this would be "ordinary negligence at worst." Further, the court reasoned that Howard Industries "had paid so many benefits, not only for temporary total, but for medical benefits, [which] does not establish any kind of intentional scheme by Howard's not to pay the temporary partial benefits[.]"

¶12. The trial court entered a written order on March 11, 2022, incorporating its reasoning from the hearing, granting Howard Industries' motion for summary judgment. Hardaway made a motion for the court to reconsider. On July 7, 2022, the trial court entered a final order further detailing its reasons for granting summary judgment in favor of both CorVel and Howard Industries. Hardaway appealed the March 11, 2022, order and July 7, 2022, order against Howard Industries alone.

**ISSUES PRESENTED**

¶13. Hardaway argues that the trial court erred by granting summary judgment in favor of Howard Industries because he presented substantial summary judgment evidence from which

6

a reasonable juror could conclude that (1) Howard Industries failed to investigate or pay Hardaway's claim for temporary partial disability and that (2) Howard Industries actively participated in the bad faith failure to timely pay Hardaway's temporary partial disability benefits. Hardaway also, however, commits a significant amount of his appellate arguments to whether Howard Industries could delegate its statutory duties to CorVel. Because the bad faith analysis is dependent on statutory interpretation, Hardaway's arguments will be addressed by this Court as follows:

I.      Whether Howard Industries could delegate its administrative duty under the Mississippi workers' compensation law as a self-insured employer to CorVel.

II.     Whether Howard Industries denied Hardaway's workers' compensation benefits in bad faith.

## STANDARD OF REVIEW

¶14.    "On appeal, the grant or denial of a motion for summary judgment is reviewed de novo, viewing the evidence 'in the light most favorable to the party against whom the motion has been made.'" ***Maness v. K & A Enters. of Miss., LLC***, 250 So. 3d 402, 409 (Miss. 2018) (internal quotation marks omitted) (quoting ***Karpinsky v. Am. Nat'l Ins. Co.***, 109 So. 3d 84, 88 (Miss. 2013)). "When a question of law is raised we apply a de novo standard of review." ***Miss. Farm Bureau Cas. Ins. Co. v. Hardin***, 323 So. 3d 1034, 1037 (Miss. 2021) (internal quotation mark omitted) (quoting ***Miss. Farm Bureau Cas. Ins. Co. v. Smith***, 264 So. 3d 737, 742 (Miss. 2019)). "A trial court may grant summary judgment 'if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue [as to any] . . . material fact, and the moving party

7

is entitled to judgment as a matter of law.'" ***Henley, Lotterhos & Henley, PLLC v. Bryant***, 361 So. 3d 621, 626 (Miss. 2023) (alterations in original) (internal quotation marks omitted) (quoting ***Roussel v. Robbins***, 688 So. 2d 714, 725 (Miss. 1996)).

## ANALYSIS

### I. Whether Howard Industries could delegate its administrative duty under the Mississippi workers' compensation law as a self-insured employer to CorVel.

¶15. Hardaway argues that the trial court erred by finding that Howard Industries had satisfied its statutory duty to comply with the Mississippi Workers' Compensation Act by "entering into and funding an administrative contract" with CorVel. Hardaway argues that, as a self-insured employer, Howard Industries had a nondelegable duty to comply with the Mississippi Workers' Compensation Act.

¶16. Pursuant to Mississippi Code Section 71-3-75(1) (Rev. 2021), "an employer liable . . . to pay compensation shall insure payment of such compensation by a carrier authorized to insure such liability in this state[.]" Mississippi Code Section 71-3-75(2) (Rev. 2021), provides an exception to the insurance requirement of Section 71-3-75(1) for any employer who can demonstrate

> its financial ability to pay compensation and agreeing as a condition for the granting of the exemption to faithfully report all injuries under compensation according to law and the requirement of the commission, and to comply with the provision of this chapter and the rules of the commission pertaining to the administration thereof; whereupon the commission by written order may make such exemption.

§ 71-3-75(2). This provision allows Howard Industries to be qualified by the Commission as a self-insured employer. Howard Industries functions as its own insurance by paying into

an account that funds the payment of its employees' medical bills.

¶17.   Mississippi Code Section 71-3-125(1) (Rev. 2021) (emphasis added) provides that

> Each insurance carrier or commission approved self-insured employer shall maintain a workers' compensation claims office, subject to the waiver provisions herein, within the borders of the State of Mississippi beginning July 1, 1993.  Alternatively, each insurance carrier or *commission approved self-insured employer may provide by contract the same services* within the borders of the State of Mississippi beginning July 1, 1993.  This claims office shall maintain workers' compensation claims files and *shall be the office responsible to the Mississippi Workers' Compensation Commission for the proper filing of all commission forms for the employer/insureds*.  This office shall be the *sole contact for the commission* for the administration of all claims filed within the jurisdiction of the Mississippi Workers' Compensation Commission.  Authority to issue checks and to pay claims shall be vested in personnel located within the State of Mississippi.

It is under this statute that Howard Industries argues that it was allowed to delegate to CorVel its duty to manage its workers' compensation claims.

¶18.   Hardaway argues that a third party administrator, such as CorVel, does not stand in the same shoes as the employer and is not subject to the same rulings, notice, or jurisdiction of the Commission.  Hardaway relies on ***Bass v. California Life Insurance Co.***, 581 So. 2d 1087 (Miss. 1991), to support his argument that CorVel owed him no duty.

¶19.   In ***Bass***, an employee of the city of Tupelo was denied insurance benefits by her group insurance carrier California Life Insurance Company.  *Id.* at 1088.  California Life "used [Variable Protection Administrators, Inc. as] an administrative organization to handle the 'management' of the city's insurance." *Id.*  Eventually, Bass received her benefits but filed suit against California Life and Variable "for the bad faith denial of her insurance claim." *Id.* at 1089.

¶20. During the course of the proceedings, California Life declared bankruptcy, leaving Variable as the "only remaining party" in the suit. *Id.* The trial court granted a directed verdict in favor of Variable, finding that it "had no duty under Mississippi law to act in good faith" toward Bass. *Id.* Bass appealed and argued before this Court that Variable, "as the administrator of the group health insurance policy offered by California Life, should be held liable for the wrongful and 'bad faith' denial of her claim." *Id.* Variable argued that "since they were not a party to the insurance contract in question, they may not be held liable for 'bad faith' under the case of *Griffin v. Ware*, 457 So. 2d 936 (Miss. 1984)." *Bass*, 581 So. 2d at 1089.

¶21. This Court disagreed with Variable and overruled *Griffin*'s holding that "adjusters employed by an insurer, who were not parties to the agreement for insurance, are not subject to an implied duty of good faith and fair dealing to the insured." *Bass*, 581 So. 2d at 1090 (citing *Griffin*, 457 So. 2d at 940). Instead, this Court found that it would "hold [adjusters, agents or other similar entities] to a standard of care consistent with *Dunn*[.]" *Id.* (citing *Dunn v. State Farm Fire & Cas. Co.*, 711 F. Supp. 1359, 1361 (N.D. Miss. 1987)). The Court quoted *Dunn*'s holding that

> An adjuster has a duty to investigate all relevant information and must make a realistic evaluation of a claim. *Banker's Life & Casualty Co. v. Crenshaw*, 483 So. 2d 254, 272, 276 (Miss. 1985). However, an adjuster is not liable for simple negligence in adjusting a claim. *Leathers v. Aetna Casualty & Surety Co.*, 500 So. 2d 451 (Miss. 1986); *Consolidated American Life Ins. Co. v. Toche*, 410 So. 2d 1303, 1305 (Miss. 1982). He can only incur independent liability when his conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured. *Davidson v. State Farm Fire and Casualty Co.*, 641 F. Supp. 503, 510 (N.D. Miss. 1986); *Leathers v. Aetna Casualty & Surety Co.*, 500 So. 2d at 453; *Progressive Casualty Ins. Co. v.*

10

*Keys*, 317 So. 2d 396, 398 (Miss. 1975).

*Bass*, 581 So. 2d at 1090 (quoting *Dunn*, 711 F. Supp. at 1361).

¶22.    Hardaway argues that Howard Industries cannot delegate its duty to CorVel because Hardaway is "not in privity of contract with CorVel" and, according to *Bass*, CorVel owes no duty of good faith and fair dealing to Hardaway. Hardaway's argument mirrors Variable's argument in *Bass*, which this Court specifically rejected. *Id.* at 1089. Howard Industries argues that *Bass* is consistent with this Court's caselaw that a claims handler may be held liable for intentional torts but not simple negligence.

¶23.    Hardaway's reliance on *Bass* is misplaced because *Bass* is more relevant to the relationship between Hardaway and CorVel, which is not at issue in this appeal. Further, the standard that this Court placed on adjusters and third party administrators, as stated in *Bass*, is consistent with the standard that this Court has placed on insurance carriers and employers. *S. Farm Bureau Cas. Ins. Co. v. Holland*, 469 So. 2d 55, 58 (Miss. 1984) (holding that an insured may bring an intentional tort claim against its insurance carrier, which requires a showing of more than mere negligence); *Luckett v. Miss. Wood Inc.*, 481 So. 2d 288, 290 (Miss. 1985) (extending the holding in *Holland* to allow intentional tort claims for bad faith denial of benefits against the employer (citing *Holland*, 469 So. 2d at 58)). *Bass* merely defines the standard of responsibility to which this Court will hold adjusters and third party administrators. *Bass* does not, however, support Hardaway's argument that Howard Industries cannot delegate its statutory duty to CorVel.

¶24.    Howard Industries relies on a district court case to support its argument that it could

11

delegate its administrative duties. ***Toney v. Lowery Woodyards and Emp.'s Ins. of Waussau***, 278 F. Supp. 2d 786 (S.D. Miss. 2003). In ***Toney***, "while in the course and scope of his employment as a truck driver for Lowery [Woodyards], Toney slipped while getting out of a truck and sustained injuries to his neck, back and shoulders." ***Id.*** at 789. After receiving treatment, but struggling to obtain his workers' compensation benefits from Lowery or Employer's Insurance of Waussau, Toney filed suit in Simpson County "against Lowery and Waussau alleging bad faith denial and delay of benefits." ***Id.*** at 790.

¶25.    Waussau, Toney's insurance carrier, removed the case to district court on the basis of diversity jurisdiction and alleged that Lowery was fraudulently joined because it "had no involvement in the adjustment of Toney's claim for benefit or in the decision to discontinue payment of workers' compensation benefits[.]"[4] ***Id.*** at 788. Toney filed a motion to remand the case to the Simpson County Circuit Court because "Mississippi law clearly recognizes his right to bring this action against his employer for bad faith denial of workers' compensation benefits." ***Id.***

¶26.    The district court pierced the pleadings to evaluate Waussau's fraudulent joinder claim and to determine if there was a "reasonable basis for predicting that the plaintiff might establish liability on that claim against the in-state defendant[.]" ***Id.*** at 790 (internal quotation mark omitted) (quoting ***Badon v. R J R Nabisco Inc.***, 224 F.3d 382, 390 (5th Cir. 2000)). To prove liability against Lowery, Toney argued that "Lowery, as his employer, was subject at all times to a non-delegable duty to ensure payment of all benefits due him[.]"

---

[4]Waussau alleged to be a Wisconsin company, while Lowery and Toney were both citizens of Mississippi. ***Id.*** at 788.

*Toney*, 278 F. Supp. 2d at 791.

¶27.   The district court rejected Toney's argument and reasoned that based on Mississippi Code Section 71-3-77(1), "once an employer secures the payment of workers' compensation by purchasing insurance, the employee's claims are thereafter to be processed by the insurer and paid directly to the employee or his medical provider." *Id.* at 792.   Further, the court found no support in caselaw for Toney's interpretation of the statute. *Id.* at 793.   Neither the parties nor the court found a case in which this Court had held "that an employer remains liable for the payment of benefits even where it has fulfilled its statutory obligation to secure the payment of compensation by purchasing insurance coverage[.]" *Id.*   Instead, the court found Mississippi caselaw and the workers' compensation act supported a finding that an employer cannot be held "liable on an alter-ego theory for its carrier's bad faith failure to pay benefits" because under *Holland* and *Luckett* the carrier or the employer can be sued directly for committing an intentional tort against the insured. *Id.* at 793-94 (citing *Holland*, 469 So. 2d at 58 ("in committing intentional torts, the insurance carrier ceases to be the 'alter ego' of the employer"); *Luckett*, 481 So. 2d at 290).

¶28.   The district court held that while Mississippi law recognizes a cause of action against an employer for denial of workers' compensation benefits, the uncontroverted evidence demonstrated that Lowery had no knowledge "that Toney's claim was not being properly paid." *Toney*, 278 F. Supp. 2d at 789.   The district court further relied on an affidavit from William Lowery, owner and operator of Lowery Woodyards, which stated that Toney's compensation "has been handled entirely by Waussau" and that William "thought that

13

Toney's claim 'had all been settled' until he received a copy of the Petition to Controvert in early 2002, followed by a subpoena to appear at the hearing." *Id.* at 791 (internal quotation marks omitted). The court rejected "as unfounded as a matter of law plaintiff's position that the employer is charged with knowledge of, and resulting liability for the actions of its workers' carrier, even if the employer has not itself actively participated in the acts alleged to constitute malfeasance or bad faith." *Id.* at 794. Accordingly, Lowery, the employer, had been fraudulently joined, and the district court retained jurisdiction. *Id.*

¶29. Hardaway attempts to distinguish *Toney* because the employer in that case was not a self-insured employer. *Id.* Hardaway argues that Mississippi Code Section 71-3-77(2) (Rev. 2021) allows an employer to delegate its statutory duty under the statutes only to an insurance company. Section 71-3-77(2) provides that

> In any case where the employer is not a self-insurer, in order that the liability for compensation imposed by this chapter may be most effectively discharged by the employer and in order that the administration of this chapter in respect of such liability may be facilitated, the commission shall by regulation provide for the discharge, by the carrier or carriers for such employer, of such obligations and duties of the employer in respect of such liability imposed by this chapter upon the employer as it considers proper in order to effectuate the provisions of this chapter. For such purpose (a) notice to or knowledge of an employer of the occurrence of the injury shall be notice to or knowledge of the carrier or carriers; (b) jurisdiction of the employer by the commission or any court under this chapter shall be jurisdiction of the carrier or carriers; and (c) any requirement by the commission or any court under any compensation order, finding, or decision shall be binding upon the carrier or carriers in the same manner and to the same extent as upon the employer

Hardaway argues that the duty stated in Section 71-3-75(2) to "faithfully report all injuries under compensation according to the law . . . and to comply with the provisions of this

chapter and the rule of the commission pertaining to the administration thereof" remains on Howard Industries because there is no counterpart for Section 71-3-77(2) that would apply to a self-insured employer.

¶30. Howard Industries argues that the logic of the district court in *Toney* is applicable to the current case. Similar to a company that delegates responsibility for the administration of workers' compensation claims under Section 71-3-77(1) to an insurance company, Howard Industries argues that it has delegated its responsibility for administration of its workers' compensation claims under Section 71-3-125 to a third party administrator.

¶31. Howard Industries produced its contract with its third party administrator to evidence its compliance with Section 71-3-125 and to show that it specifically delegated the duty to investigate and pay benefits owed under the Mississippi Workers' Compensation Act. Per the December 1, 2008, service agreement, it was CorVel's responsibility to "[r]eview each claim filed for personal injury, sickness, disease, or death incurred or alleged to have incurred, in each course of employment. This review will include a thorough investigation of any claim or loss that is questionable in nature, to determine compensability."[5] Further, the agreement details that the third party administrator will "[p]ay all legitimate medical benefits, death benefits, and temporary or permanent disability benefits in a timely manner."

¶32. The trial court's finding on this issue is affirmed. Under Section 71-3-125, Howard Industries could provide by contract for a workers' compensation office. Howard Industries actually delegated to CorVel the responsibility of investigating and paying its workers'

---

[5]This agreement was between Howard Industries and SRS and was the contract in place at the time Hardaway was seeking his benefits.

compensation claims, per the plain language of their service agreement. CorVel then became "the office responsible to the Mississippi Workers' Compensation Commission for the proper filing of all commission forms" and "the sole contact for the commission for the administration of all claims filed[.]" § 71-3-125(1). No interpretation of Section 71-3-125 is necessary for this Court's finding because the statute plainly allows delegation.

¶33. The delegation of administrative duties is not mandatory under Section 71-3-125. It would be unnecessary for there to be a counterpart to Section 71-3-77(2) that would apply only to self-insured employers when not all self-insured employers provide for the administration of their employee's compensation claims by contract with an administrator. The lack of a specific statute to mirror Section 71-3-77(2) is an argument without merit because Section 71-3-125 contemplates this limited scenario.

¶34. Further, Hardaway argues that Section 71-3-125 "has never been interpreted as placing a third-party administrator on the same footing as an employer or workers' compensation insurer." Hardaway argues hypothetically that if Howard decided to contract with an insurance company and drop its self-insured status, Howard Industries would remain responsible for providing its employees' benefits until the moment it purchased insurance. Hardaway cites orders of the Mississippi Workers' Compensation Full Commission in which the burden of complying with the Mississippi Workers' Compensation Act remained on the self-insured employer, not the third party administrator, through the date on which the self-insurer status ended. *See **The Brinkmann Corp., Self Insurer Certificate of Authority***, MWCC No. 999999, 2013 WL 1389856 (Miss. Workers' Comp. Comm'n Mar. 28, 2013).

16

¶35. Hardaway's reliance on the full commission's order is misplaced because Howard Industries is a self-insured employer and has been at all times under the facts of this case. Further, this Court is not tasked with determining who would be responsible for employee claims if Howard Industries was to drop its self-insured status. The issue before this Court is whether Howard Industries could delegate the statutory responsibility for administration and investigation of claims to CorVel.

¶36. Hardaway contends that Howard Industries admitted that it had a separate and independent duty to Hardaway to investigate its workers' compensation claims. Hardaway relies on testimony from Risher's July 27, 2011, deposition in the prior workers' compensation case.[6] Hardaway's attorney asked Risher, "Do you understand that, that Howard Industries has a separate duty separate and apart from CorVel? Do you understand that?" Risher responded, "Yes, sir."

¶37. Howard Industries argues that this testimony was elicited from Risher after he was badgered by the attorney to agree to an incorrect statement of law. Howard Industries supports its reasoning with Risher's October 22, 2020, deposition from this case in which he testified that Howard Industries relied on CorVel to investigate and pay claims. Howard Industries also relies on Bridewell's deposition testimony that CorVel had a duty to investigate Hardaway's claims, not Howard Industries.

¶38. Risher's statement on Howard Industries' legal duty is not dispositive to the issue of Howard Industries' duty under the statutes. Recently, this Court has affirmed that

---

[6]Risher was Howard Industries' Mississippi Rule of Civil Procedure 30(b)(6) representative.

"depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories[,]" *Miss. State Agencies Self-Insured Workers' Comp. Tr. v. Herrgott*, 369 So. 3d 563, 570 (Miss. 2023) (internal quotation mark omitted) (citing *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002), and "[a] 30(b)(6) witness's legal conclusions are not binding on the party who designated him[.]" *Id.* (internal quotation marks omitted) (quoting *S. Wine & Spirits of Am., Inc. v. Div. of Alcohol & Tobacco Control*, 731 F.3d 799, 811 (8th Cir. 2013), *overruled on other grounds as noted in Sarasota Wine Mkt., LLC v. Schmitt*, 987 F.3d 1171, 1181 (8th Cir. 2021)). Risher's testimony cannot be used to define the legal duty Howard Industries owed Hardaway, and it notably conflicts with his later testimony and Bridewell's testimony.

¶39. The plain language of Section 71-3-125 permits the actions taken by Howard Industries. Hardaway does not provide, and this Court does not find, support in caselaw that prohibits the delegation of Howard Industries duty under the Mississippi Workers' Compensation Act to CorVel. Accordingly, Howard Industries could delegate to CorVel its duty to administer employee workers' compensation claims.

## II. Whether Howard Industries denied Hardaway's workers' compensation benefits in bad faith.

¶40. Although Howard Industries delegated its duty to CorVel, caselaw provides that Howard Industries can be held accountable for intentional torts committed against Hardaway. This Court allows employees to bring independent tort actions against its employers and insurance carriers for bad faith refusal to pay workers' compensation benefits. *Luckett*, 481 So. 2d at 290. "In order to prevail in a bad faith claim against an insurer, the plaintiff must

18

show that the insurer lacked an arguable or legitimate basis for denying the claim, or that the insurer committed a wilful or malicious wrong, or acted with gross and reckless disregard for the insured's rights." *Liberty Mut. Ins. Co. v. McKneely*, 862 So. 2d 530, 533 (Miss. 2003) (citing *State Farm Mut. Auto. Ins. Co. v. Grimes*, 722 So. 2d 637, 641 (Miss. 1998)). "The two prongs of the test are not separate requirements, but rather part of the inquiry into whether the injury is compensable." *Miss. Power & Light Co. v. Cook*, 832 So. 2d 474, 479 (Miss. 2002).

¶41. Hardaway relies on a statement from the district court in *Toney* to support his argument that an employer, after delegating its duty to an insurance carrier, could be held liable for actively participating in bad faith actions against the insured. *Toney*, 278 F. Supp. 2d at 794. Hardaway argues that the following evidence proves that Howard Industries actively participated in the bad faith denial of his worker's compensation benefits. Hardaway relies upon the emails exchanged between Ainsworth, Risher and Bridewell to show that Howard Industries employees were investigating his case. He also argues that Ainsworth and Risher's assistance with finding work at Howard Industries to accommodate Hardaway's work restrictions shows that Howard Industries was aware that Hardaway was working and not receiving his benefits.

¶42. Hardaway, however, also argues that Howard Industries failed to investigate or pay his claims. To support this argument, Hardaway relies upon deposition testimony from Risher that Howard Industries had no protocol in place to monitor if employees were working light duty and making less than their pre-injury wages.

¶43. This Court finds that Howard Industries was not actively participating in Hardaway workers' compensation claims, and the trial court's ruling is affirmed. Hardaway's "burden in proving a claim for bad faith refusal goes beyond proving mere negligence in performing the investigation." *McKneely*, 862 So. 2d at 534. Hardaway had to show that "a proper investigation by the insurer 'would easily adduce evidence showing its defenses to be without merit.'" *Id.* (citing *Murphre v. Fed. Ins. Co.*, 707 So. 2d 523, 531 (Miss. 1997)). The problem with Hardaway's argument, however, arises because Howard Industries had properly delegated its duty to investigate and administer claims to CorVel. Hardaway has failed to produce evidence to prove that Howard Industries acted in bad faith to deny Hardaway's workers' compensation benefits.

¶44. Howard Industries produced deposition testimony from Risher that it did not know that Hardaway had not received all his benefits because it was CorVel's responsibility per their contract to investigate and determine Hardaway's partial temporary disability benefits. Howard Industries swore before the trial court that it did not know Hardaway had not received all his benefits until it received the motion to compel on February 7, 2011. An estimate of the benefits due was then paid on March 4, 2011.

¶45. Further, Hardaway's arguments are at odds. Howard Industries cannot both actively participate and fail to investigate. That does not make sense. Some failure to investigate and some participation would prove, at worst, that Howard Industries was only slightly negligent. But Hardaway had to prove that Howard Industries acted with actual malice or gross negligence to merit the punitive damages that Hardaway now seeks. *Cook*, 832 So. 2d at 485

20

("Punitive damages may not be assessed against the defendant unless the defendant 'acted with actual malice, gross negligence which evidences a wilful, wanton or reckless disregard for the safety of others, or committed actual fraud.'" (citing Miss. Code Ann. § 11-1-65(1)(a) (Rev. 2002)).

¶46.    The evidence shows that Howard Industries had fulfilled its duty under the Mississippi Workers' Compensation Act by providing for CorVel to manage and administer Hardaway's claims. There is no proof that Howard Industries intentionally withheld Hardaway's benefits. Hardaway argues that Howard Industries did not pay until compelled to do so, and Howard Industries responds that it did not know he had been denied his benefits until it received the motion to compel. These disputed facts do not prove that Howard Industries acted with actual malice or gross negligence. When taking the evidence in the light most favorable to Hardaway, Hardaway's claim does not survive summary judgment.

¶47.    Hardaway argues that the trial court erred by finding Howard Industries' payment of benefits on March 4, 2011, was reasonably prompt. Hardaway relies on a case from the Court of Appeals in which it upheld a finding of bad faith denial of payment for being eleven weeks late. *AmFed Cos., LLC v. Jordan*, 34 So. 3d 1177, 1184, 1191 (Miss. Ct. App. 2009). *Jordan*, however, is factually distinguishable from this case. In *Jordan*, unlike here, there was proof that the employer and the employer's attorney were dilatory in paying and reviewing the claims. *Id.* at 1186. There is no proof that Howard Industries was intentionally delaying and denying Hardaway his benefits. Instead, there is evidence that Howard Industries had provided by contract with CorVel for the administration and investigation of

21

Hardaway's claim. In addition, Howard Industries was forwarding Bridewell information on Hardaway's work hours, providing Hardaway with light work opportunities and providing for the payment of Hardaway's other benefits.

¶48. Hardaway further argues that the trial court erred by noting that Howard Industries' payment of other benefits evidenced that Howard Industries was not intentionally scheming to deny his temporary partial disability benefits. Hardaway relies on ***Travelers Indemnity Co. v. Wetherbee***, 368 So. 2d 829, 835 (Miss 1979), to support his argument that each type of benefit he was entitled to receive—medical benefits, temporary total benefits, and temporary partial benefits—is subject to individual consideration. The denial of any one of his benefits, Hardaway argues, could subject Howard Industries to punitive damages.

¶49. Hardaway's argument is without merit. The trial court's finding was merely pointing out further evidence that there is no proof of wanton or reckless conduct by Howard Industries. Instead, the failure to pay temporary partial benefits, after paying so many other benefits, evidenced nothing more than "ordinary negligence at worst." Hardaway is correct that denial of his benefits could subject Howard Industries to punitive damages if he could meet the required burden of proof. Hardaway, however, has failed to meet his burden of proof, and his claims do not survive Howard Industries' motion for summary judgment.

¶50. Hardaway asserts other errors occurred in the trial court's ruling, but all his assignments of error are without merit. The trial court's ruling was not in error. In addition, this Court is conducting a de novo review, and any errors alleged to have occurred in the trial court's order have no impact on the final disposition of this Court. ***Briggs v. Benjamin***, 467

22

So. 2d 932, 934 (Miss. 1985) ("a long-standing rule of this Court is that we will not reverse a lower court's decision where that court reaches the right conclusion although for the wrong reason." (citing *Huffman v. Griffin*, 337 So. 2d 715, 723 (Miss. 1976))).

¶51.    The record evidence does not support a finding that any genuine issue of material fact remains as to whether Howard Industries committed an intentional tort against Hardaway by a bad faith denial of his workers' compensation benefits.  Hardaway's arguments are without merit.

### CONCLUSION

¶52.    This Court affirms the trial court's finding that Howard Industries had, in compliance with Mississippi law, delegated the administrative responsibilities of its workers' compensation claims to CorVel, and any failure to pay benefits by Howard Industries under this set of facts does not amount to gross negligence.

¶53.    **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, ISHEE AND GRIFFIS, JJ., CONCUR.**